IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KRISTINA MARTINEZ, in her capacity
as the Personal Representative of the
Wrongful Death Estate of BARBARA
GRANGER, and SCOTT GRANGER, individually,

        Plaintiffs,

vs.                                     Case No._____

DART TRANS, INC., GILBERT TAN
d/b/a GMT TRUCKING, SUNRISE TIRE
AND LUBE SERVICE, INC., HAR-SUKH
CORP., INC., SAM SANDHU, JASVIR SINGH,
RAJINDER SINGH BASSI, SUKHDEV SINGH
DHALIWAL, TERI-OAT, LLC, JOHN DOE 1,
JOHN DOE 2, GOODWILL TRUCKING, LLC
and GURPREET SUCH,

        Defendants.

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332 and 1441
BY DEFENDANTS GOODWILL TRUCKING, LLC AND GURPREET SUCH**

        COME NOW Defendant Goodwill Trucking, LLC ("Defendant Goodwill") and Defendant Gurpreet Such ("Defendant Such") and provide notice that they are removing the state court action described below to the U.S. District Court for the District of New Mexico pursuant to 28 U.S.C. §§ 1332 and 1441. In support of their removal notice, Defendants state as follows:

        1.        Plaintiffs commenced this personal injury action in the First Judicial District Court, County of Santa Fe by filing a "Complaint for Personal Injuries" entitled *KRISTINA MARTINEZ, in her capacity as the Personal Representative of the Wrongful Death Estate of BARBARA GRANGER, and SCOTT GRANGER, individually, Plaintiffs, v. DART TRANS, INC., GILBERT TAN d/b/a GMT TRUCKING, SUNRISE TIRE AND LUBE SERVICE, INC., HAR-SUKH CORP., INC., SAM SANDHU, JASVIR SINGH, RAJINDER SINGH BASSI, SUKHDEV SINGH*

*DHALIWAL, TERI-OAT, LLC, JOHN DOE 1, JOHN DOE 2, GOODWILL TRUCKING, LLC,* and *GURPREET SUCH, Defendants*, Cause No. D-101-cv-2019-02130 (hereafter "Complaint") on June 18, 2019. (*See* Plaintiffs' Complaint, *attached hereto as* **Exhibit A**).

2. Defendant's time to answer or remove with respect to the Complaint has not expired.

3. This Notice of Removal is filed in this Court within thirty (30) days of the service on Defendants of the initial pleading in this case. *See* 28 U.S.C. § 1446(b). The state court in which this action commenced is within this Court's district. As set forth below, this Court has jurisdiction over the subject matter of this lawsuit. Therefore, this action is properly removed to this Court, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

4. The state court in which this action was commenced is within this Court's district. As set forth below, this Court has jurisdiction over the subject matter of this lawsuit. Therefore, this action is properly removed to this Court, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

## DIVERSITY JURISDICTION

5. Plaintiff Scott Granger is a citizen of the state of Pennsylvania. (*See* Complaint at ¶ 10, *attached hereto as* **Exhibit A**).

6. Barbara Granger was a citizen of the state of Pennsylvania at the time of her death. (*See* Complaint at ¶¶ 3-4, 10, *attached hereto as* **Exhibit A**).

7. As Kristina Martinez is named only in her capacity as the Personal Representative of the Wrongful Death Estate of Barbara Granger, she is deemed to be a citizen of the same state as Barbara Granger and is considered a citizen of Pennsylvania for the purposes of this action. *See* 28 U.S.C. § 1332 (c)(2). Kristina Martinez's personal citizenship in New Mexico cannot destroy diversity jurisdiction in this action.

8. Defendant Dart Transportation, Inc. is a California corporation with its principal place of business in California. (*See* Complaint at ¶ 11, *attached hereto as* **Exhibit A**; Attorney Affidavit at ¶ 9, *attached hereto as* **Exhibit B**; CA Secretary of State, Dart Trans. 2018 Stmt. of Info., attached hereto as **Exhibit C**).

9. Defendant Gilbert Tan is a citizen of the state of Georgia. (*See* Complaint at ¶ 13, *attached hereto as* **Exhibit A**; Attorney Affidavit at ¶ 10, *attached hereto as* **Exhibit B**; Gilbert Tan Return of Service, *attached hereto as* **Exhibit D**).

10. Defendant Sunrise Tire and Lube Service, Inc. is a California Corporation with its principal place of business in California. (*See* Complaint at ¶ 16, *attached hereto as* **Exhibit A**; Attorney Affidavit at ¶ 11, *attached hereto as* **Exhibit B**; CA Secretary of State, Sunrise 2019 Stmt. of Info., *attached hereto as* **Exhibit E**).

11. Defendant Har-Sukh Corp. Inc. is a California corporation with its principal place of business in California. (*See* Complaint at ¶ 18, *attached hereto as* **Exhibit A**; Attorney Affidavit at ¶ 12, *attached hereto as* **Exhibit B;** CA Secretary of State, Har-Sukh 2018 Stmt. of Info., *attached hereto as* **Exhibit F**).

12. Defendant Sam Sandhu is a citizen of the state of California. (*See* Complaint at ¶ 19, *attached hereto as* **Exhibit A**; Attorney Affidavit at ¶ 13, *attached hereto as* **Exhibit B**; Sam Sandhu Return of Service, *attached hereto as* **Exhibit G**).

13. Defendant Jasvir Singh is a citizen of the state of California. (*See* Complaint at ¶ 20, *attached hereto as* **Exhibit A**; Attorney Affidavit at ¶ 14, *attached hereto as* **Exhibit B**; Jasvir Singh Return of Service, *attached hereto as* **Exhibit H**).

14. Defendant Ranjinder Singh Bassi is a citizen of the state of California. (*See* Complaint at ¶ 14, *attached hereto as* **Exhibit A**; Attorney Affidavit at ¶ 15, *attached hereto as* **Exhibit B**; Ranjinder Singh Bassi Return of Service, *attached hereto as* **Exhibit I**).

15. Defendant Sukhdev Singh Dhaliwal is a citizen of the state of California. (*See* Complaint at ¶ 17, *attached hereto as* **Exhibit A**; Attorney Affidavit at ¶ 16, *attached hereto as* **Exhibit B**; Sukhdev Sing Dhaliwal Return of Service, *attached hereto as* **Exhibit J**).

16. Defendant Teri-Oat, LLC is a California corporation with its principal place of business in California. (*See* Complaint at ¶ 22, *attached hereto as* **Exhibit A**; Attorney Affidavit at ¶ 17, *attached hereto as* **Exhibit B**; CA Secretary of State, Teri-Oat 2015 Stmt. of Info., *attached hereto as* **Exhibit K**; CA Secretary of State, Teri-Oat 2018 Stmt. of No Change, *attached hereto as* **Exhibit L**).

17. Defendant Goodwill Trucking, LLC is an Ohio corporation with its principal place of business in Ohio. (*See* Complaint at ¶ 25, *attached hereto as* **Exhibit A**; Attorney Affidavit at ¶ 18, *attached hereto as* **Exhibit B**; OH Secretary of State, Goodwill Info., *attached hereto as* **Exhibit M**).

18. Defendant Gurpreet Such is a citizen of Ohio. (*See* Complaint at ¶ 26, *attached hereto as* **Exhibit A**; Attorney Affidavit at ¶ 19, *attached hereto as* **Exhibit B**; Gurpreet Such Return of Service, *attached hereto as* **Exhibit N**).

19. The presence of Defendant John Doe, a defendant sued under a fictional name, in this action cannot destroy diversity jurisdiction—Plaintiffs' Complaint makes no allegations against Defendant John Doe and Defendant John Doe's identity and citizenship are unknown. 28 U.S.C. § 1441(a) ("In determining whether a civil action is removable on the basis of the

jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

20. Defendant Sam Sandhu is not a proper party to this action as he sold all interest in any named corporate Defendant in 2010—approximately eight years before Barbara Granger's death on July 28, 2018. (*See* Attorney Affidavit at ¶ 32, *attached hereto as* **Exhibit B**). Thus, his citizenship and consent to removal of this action need not be considered. *See* 28 U.S.C. § 1446(b)(2)(A).

21. Defendant Jasvir Singh is not a proper party to this action as he never held ownership interest in any named corporate Defendant and ceased all employment with any named corporate Defendant in 2010—approximately eight years before Barbara Granger's death on July 28, 2018. (*See* Attorney Affidavit at ¶ 33, *attached hereto as* **Exhibit B**). Thus, his citizenship and consent to removal of this action need not be considered. *See* 28 U.S.C. § 1446(b)(2)(A).

22. Complete diversity of citizenship exists for the purposes of this Court's original jurisdiction over the subject matter of this lawsuit.

23. To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000.00, exclusive of interest and cost. 28 U.S.C. §1332(a). Where a complaint does not contain dispositive allegations of the amount in controversy, the jurisdictional amount is determined by the allegations in the underlying complaint. *See e.g., Laughlin v. Kmart Corp*, 50 p.3d, 871, 873 (10 Cir. 1995). Calculations of the amount in controversy include both compensatory and punitive damages. *See, e.g., Bell v. Preferred Life Assur. Soc'y* 320 U.S. 238, 240 (1943); *Watson v. Blakenship,* 30 F.3d 383, 386 (10 Cir.1994). This calculation also includes attorney's fees. *See Miera v. Dairyland Ins. Co.,* No. 96-0136-M, mem.Op. (D.N.M. Feb. 28, 1996) (denying remand of removed action based on availability of attorney's fees

under New Mexico Unfair Claims Practice Act and Unfair Trade Practices Act. *See also 14A Wright v. Miller, Federal Practice and Procedure,* §3712, at 176-78, and authorities cited therein; *Foret v. Souther Farm Bureau Life Ins. Co.,* 918 F. 2d 534, 537 (5 Cir. 1990). The calculation also includes treble damages claims.

24. Plaintiffs seek recovery for alleged damages for the death of Barbara Granger and related damages to her husband, Scott Granger. (*See* Complaint, ¶¶ 5, 84-90, *attached hereto as* **Exhibit A**). Plaintiffs' claims include: (1) wrongful death damages for the death of Barbara Granger, including pain and suffering, lost earning capacity, lost value of household services, lost value of life, past medical expenses, funeral and burial expenses, loss of other benefits; (2) loss of society, guidance, and companionship to Plaintiff Scott Granger; (3) emotional distress damages to Plaintiff Scott Granger; and (4) punitive damages. (*See* Complaint, page 16, attached hereto as **Exhibit A**). Given the allegations of the Complaint, the amount in controversy clearly exceeds $75,000. (*See* Attorney Affidavit ¶ 8, *attached hereto as* **Exhibit B**).

25. This Notice of Removal is filed in this Court within thirty (30) of the service of Plaintiffs' Complaint. *See* 28 U.S.C. § 1446(B)(3). The state court action was commenced less than one year from the date of this Notice of Removal. *See* 28 U.S.C. §1446(c)(1). The state court in which this action was commenced is within this Court's district. As set forth, this Court has jurisdiction over the subject matter of this lawsuit. Therefore, this action is properly removed to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

26. The above-described action is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. §§ 1332, in that it is a civil action between citizens of different states where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs. (*See* Attorney Affidavit at ¶ 8, *attached hereto as* **Exhibit B**).

27. Defendant is concurrently filing a Notice to Adverse Parties of Removal to Federal Court, with the clerk of the First Judicial District Court, County of Santa Fe, State of New Mexico, pursuant to 28 U.S.C. §1441(b), together with this Notice.

28. Pursuant to D.N.M. LR-CIV 81.1(a), Defendant will submit copies of the records and proceedings from the state court action within thirty days of its filing of this Notice of Removal.

29. Venue is appropriate in the U.S. District Court for the District of New Mexico because the alleged actions and/or omissions occurred in New Mexico. (*See* Complaint at ¶2).

30. Defendant Goodwill Trucking, LLC. consents to removal. (*See* Attorney Affidavit at ¶ 21, *attached hereto as* **Exhibit B**).

31. Defendant Gurpreet Such consents to removal. (*See* Attorney Affidavit at ¶ 22, *attached hereto as* **Exhibit B**).

32. Defendant Dart Trans, Inc. consents to removal. (*See* Attorney Affidavit at ¶ 23, *attached hereto as* **Exhibit B**).

33. Defendant Gilbert Tan d/b/a/ GMT Trucking consents to removal. (*See* Attorney Affidavit at ¶ 24, *attached hereto as* **Exhibit B**).

34. Defendant Sunrise Tire and Lube Service, Inc. consents to removal. (*See* Attorney Affidavit at ¶ 25, *attached hereto as* **Exhibit B**).

35. Defendant Har-Sukh Corp., Inc. consents to removal. (*See* Attorney Affidavit at ¶ 26, *attached hereto as* **Exhibit B**).

36. Though Defendant Sam Sandhu is not a proper party to this action and his consent to removal is not necessary, Defendant Sam Sandhu consents to removal. (*See* Attorney Affidavit at ¶ 27, *attached hereto as* **Exhibit B**).

37. Though Defendant Jasvir Singh is not a proper party to this action and his consent to removal is not necessary, Defendant Jasvir Singh consents to removal. (*See* Attorney Affidavit at ¶ 28, *attached hereto as* **Exhibit B**).

38. Defendant Rajinder Singh Bassi consents to removal. (*See* Attorney Affidavit at ¶ 29, *attached hereto as* **Exhibit B**).

39. Defendant Sukhdev Singh Dhaliwal consents to removal. (*See* Attorney Affidavit at ¶ 30, *attached hereto as* **Exhibit B**).

40. Defendant Teri-Oat, LLC consents to removal. (*See* Attorney Affidavit at ¶ 31, *attached hereto as* **Exhibit B**).

41. The presence of Defendant John Doe, a defendant sued under a fictional name, in this action cannot destroy diversity jurisdiction—Plaintiffs' Complaint makes no allegations against Defendant John Doe and Defendant John Doe's identity and citizenship are unknown. 28 U.S.C. § 1441(a) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

Respectfully submitted,

CIVEROLO, GRALOW & HILL, P.A.

By: _____
Lance D. Richards
Lauren R. Wilber
P.O. Box 887
Albuquerque, NM 87103-0887
richardsl@civerolo.com
wilberl@civerolo.com
(505) 842-8255
*Attorneys for Defendant Goodwill Trucking, Inc. and Gurpreet Such*

**CERTIFICATE OF SERVICE**

  IT IS HEREBY CERTIFIED that a true copy of the foregoing *Notice of Removal of Action* was filed electronically through the U.S. District Court for the District of New Mexico's CM/ECF filing system on October 24, 2019, which caused the following attorneys to be electronically served as follows:

| | |
|---|---|
| Mark T. Baker, Esq.<br>Elizabeth K. Radosevich, Esq.<br>Peifer, Hanson & Mullins, P.A.<br>PO Box 25245<br>Albuquerque, NM 87125-5345<br>Telephone: (505) 247-4800<br>Facsimile: (505) 243-6458<br>mbaker@peiferlaw.com<br>eradosevich@peiferlaw.com | Joe B. Wosick, Esq.<br>YLAW, PC<br>4908 Alameda Blvd.,<br>Albuquerque, NM 87113<br>Telephone: (505) 266-3995<br>jwosick@ylawfirm.com<br>*Attorneys for Dart Trans and Gilbert Tan* |

_____
Lance D. Richards
Lauren R. Wilber

9