## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

KRISTINA MARTINEZ, in her Capacity
as the Personal Representative of the Wrongful Death
Estate of BARBARA GRANGER, and SCOTT
GRANGER, individually,

        Plaintiffs,

vs.

DART TRANS, INC., GILBERT TAN d/b/a GMT
TRUCKING, SUNRISE TIRE AND LUBE
SERVICE, INC., HAR-SUKH CORP., INC., SAM
SANDHU, JASVIR SINGH, RAJINDER SINGH
BASSI, SUKHDEV SINGH DHALIWAL,
TERI-OAT, LLC, JOHN DOE 1, JOHN DOE 2,
GOODWILL TRUCKING, LLC, and GURPREET
SUCH,

        Defendants.

Case No. 1:19-cv-00994-CG-JHR

## FIRST AMENDED COMPLAINT FOR PERSONAL INJURY, WRONGFUL DEATH, AND LOSS OF CONSORTIUM

For their complaint against the defendants, the plaintiffs allege as follows:

## NATURE OF THE CASE

1.      This is an action to recover damages arising from the senseless and needless death of Barbara Granger.

## INTRODUCTION

2.      Early in the evening of July 28, 2018, a Dart Trans, Inc. ("Dart") tractor-trailer threw two wheels off the rear driver's side axle of the trailer while traveling at highway speeds east on Interstate 40 in Torrance County, New Mexico.  One of the detached wheels crossed the median at high speed and struck Barbara Granger as she traveled west on her motorcycle.  The impact knocked Barbara from the inside lane of travel to the outside lane, where she was struck

by a Goodwill Trucking, LLC ("Goodwill Trucking") tractor-trailer, entangled in the

undercarriage of the tractor, and dragged to her death.

3.      Scott Granger, Barbara's husband, was on his motorcycle traveling just behind

Barbara and saw the wheel from the Dart tractor-trailer hit her before she disappeared under the

Goodwill Trucking tractor-trailer.

4.      At the time of her death, Barbara and Scott were traveling the country celebrating

Scott's recent recovery from cancer.  They had been married 27 years.  In addition to Scott,

Barbara left behind their three children – Levi, Travis, and Amanda – and four grandchildren.

5.      The plaintiffs seek to recover damages for the catastrophic injuries that

prematurely ended Barbara's life; for the loss to Scott of his relationship with Barbara and the

severe, permanent impact severing that relationship has had on his ability to enjoy life; and for

the emotional distress the defendants inflicted on Scott as he saw this tragedy unfold right in

front of him.

6.      The plaintiffs seek to hold Dart and its driver, Gilbert Tan, responsible for their

role in negligently operating a tractor-trailer in such an obviously unsafe condition that wheels

from the trailer detached as it traveled down the interstate, and Dart responsible for putting Tan

behind the wheel of the vehicle.

7.      Upon information and belief, Sunrise Tire and Lube Service, Inc., Har-Sukh

Corp., Inc., Sam Sandhu, Jasvir Singh, Rajinder Singh Bassi, Sukhdev Singh Dhaliwal, and Teri-

Oat, LLC John Doe 1, and John Doe 2 control, are agents, are managing agents, or are

employees of the automotive repair and tire sales shop that does business as American Tire and

Truck Repair.  The plaintiffs seek to hold them responsible for negligence by them directly and

through their agents in performing work on the Dart tractor-trailer in July 2018, including

negligence in replacing wheel studs and mounting/dismounting the same wheels that detached from the trailer.

8.      Plaintiffs seek to hold Goodwill Trucking and its driver, Gurpreet Such, responsible for their negligence resulting in the Goodwill tractor-trailer striking Ms. Granger and then dragging her without stopping within anything approximating the distance within which a reasonable operator would stop a tractor-trailer.  Plaintiffs also seek to hold Goodwill responsible for entrusting Such to drive for the company when he was not properly screened for hiring, trained, monitored, and supervised in a manner that made it reasonable to entrust him to operate a commercial tractor-trailer for the company.

## PARTIES, JURISDICTION AND VENUE

9.      Plaintiff Kristina Martinez was appointed Personal Representative of the Wrongful Death Estate of Barbara Granger by order of this Court dated February 18, 2019.  Ms. Martinez is a resident of Santa Fe County, State of New Mexico.

10.      Plaintiff Scott Granger is a resident and citizen of Crawford County, Pennsylvania.

11.      Dart is a California corporation doing business in and traveling over the highways of the State of New Mexico.  The company's last known principal place of business was California.

12.      At all times relevant to this case, Dart was a motor carrier purporting to operate under the authority of the Federal Motor Carrier Safety Administration with United States Department of Transportation permit number 1777214.  The Federal Motor Carrier Safety Administration, however, involuntarily revoked Dart's authority to operate effective February 11, 2019.

13.     At the time of Barbara Granger's death, Gilbert Tan was a resident of San Joaquin, California.   On information and belief, he has since relocated to Screven County, Georgia, and is now a citizen of that state.  Mr. Tan is a commercial truck driver who drove for Dart and registered with the United States Department of Transportation as GMT Trucking.

14.     American Tire and Truck Repair operates out of San Joaquin County, California. A review of public records available from the California Secretary of State indicates that the company is not registered.

15.     Sukhdev Singh Dhaliwal is listed as the owner of American Tire and Truck Repair with the business license division of San Joaquin County, California.  On information and belief, he is a resident of San Joaquin County, State of California, and a citizen of California.

16.     Sunrise Tire and Lube Service, Inc. ("Sunrise Tire") is a California corporation incorporated in March 2017.  Sunrise Tire was the grantee in a recorded "Notice of Bulk Transfer" from Har-Sukh Corp., Inc. in June 2017 that appears related to the American Tire and Truck Repair business.  On information and belief, Sunrise Tire's principal place of business is located in San Joaquin County, California.

17.     Sukhdev Singh Dhaliwal is Sunrise Tire's Chief Executive Officer and registered agent.  On information and belief, he exercised control over, was an agent, or was a managing agent of the business operating as American Tire and Truck Repair during the times relevant to this complaint.

18.     Har-Sukh Corp., Inc. is a California corporation identified in public filings as an entity that does business as American Tire and Truck Repair at the location where the Dart tractor-trailer had repairs made on the axle and the tires that detached, causing the crash that

killed Barbara Granger.  On information and belief, its principal place of business is located in San Joaquin County, California.

19.     On information and belief, Sam Sandhu was an officer of Har-Sukh and, in that capacity, exercised control over, was an agent, or was a managing agent of the business operating as American Tire and Truck Repair during the times relevant to this complaint.

20.     On information and belief, Jasvir Singh was an officer of Har-Sukh and, in that capacity, exercised control over, was an agent, or was a managing agent of the business operating as American Tire and Truck Repair during the times relevant to this complaint.

21.     On information and belief, Rajinder Singh Bassi was Chief Executive Officer of Har-Sukh and, in that capacity, exercised control over, was an agent, or was a managing agent of the business operating as American Tire and Truck Repair during the times relevant to this complaint.

22.     Teri-Oat, LLC owns the location where American Tire and Truck Repair operates, is comprised of the same principals who incorporated Har-Sukh, and, on information and belief, exercised control over, was an agent, or was a managing agent of the business operating as American Tire and Truck Repair and other names during the times relevant to this complaint.  On information and belief, its principal place of business is located in San Joaquin County, California.

23.     On information and belief, John Doe 1 was an employee or agent of the business operating as American Tire and Truck Repair responsible for negligence in the work performed on the Dart tractor-trailer.

24.     On information and belief, John Doe 2 was an employee or agent of the business operating as American Tire and Truck Repair responsible for negligence in the work performed on the Dart tractor-trailer.

25.     Goodwill Trucking is an Ohio Limited Liability Company.  It has one publicly identified member, Harpreet Dillon, whose registered address is in Cuyahoga County, Ohio.

26.     On information and belief, Gurpreet Such is a resident of Summit County, Ohio, and a citizen of Ohio.

27.     This Court has jurisdiction over the plaintiffs' claims pursuant to Article VI of the New Mexico Constitution and the New Mexico long-arm statute, NMSA 1978, § 38-1-16.

28.     Venue in Santa Fe County is proper pursuant to NMSA 1978, § 38-3-1(A) and (F).

## FACTUAL BACKGROUND

29.     Dart was the owner and motor carrier operating the tractor-trailer Gilbert Tan was driving during all times relevant to this case.  Tan operated the tractor-trailer under Dart's full direction and control.

30.     Dart plainly identified itself as the owner and operator of the tractor-trailer by prominently displaying both the company's name and United States Department of Transportation permit number on the vehicle.  Dart remained at all times responsible for safe operation of the tractor-trailer and is responsible as a matter of law for Tan's conduct in operating it.

31.     During all times relevant to this case, Goodwill Trucking was the owner and motor carrier operating the tractor-trailer the company assigned to Gurpreet Such.  Such operated the tractor-trailer under Goodwill Trucking's full direction and control.

32.     Goodwill Trucking plainly identified itself as the owner and operator of the tractor-trailer by prominently displaying both the company's name and United States Department of Transportation permit number on the vehicle.  Goodwill Trucking remained at all times responsible for safe operation of the tractor-trailer and is responsible as a matter of law for Such's conduct in operating it.

33.     In July 2018, Dart allowed the mechanic shop operating as, among other business names, American Tire and Truck Repair, to perform work on the Dart tractor-trailer that Tan operated.  On information and belief, Sunrise Tire and Lube Service, Inc., Har-Sukh Corp., Inc., Sam Sandhu, Jasvir Singh, Rajinder Singh Bassi, Sukhdev Singh Dhaliwal, and Teri-Oat, LLC John Doe 1, and John Doe 2 were responsible for the operations, hiring, maintenance, and work American Tire and Truck Repair provided.

34.     Negligence in performing the work on the Dart trailer's axle created a dangerous condition such that it only was a matter of time before the wheel fasteners for the rear driver's side axle on the trailer fell off, allowing the wheels to detach from the tractor-trailer.

35.     That is what happened the evening of July 28, 2018.  As the Dart tractor-trailer was driving east on Interstate 40 in the area of mile marker 212, two wheels from the driver's side rear axle detached from the Dart trailer.  One skated up an embankment, through a barbed wire fence, and traveled another 100 feet before it came to rest; the other crossed the center median of the interstate.

36.     When the wheels detached from the Dart tractor-trailer, Scott Granger and his wife were both on their motorcycles traveling west in the inside lane of travel.  Barbara was in front of Scott.  Scott suddenly saw the Dart wheel cross the median and hit Barbara.

37.     The force of the wheel striking Barbara pushed her into the outside lane of travel, where the Goodwill Trucking tractor-trailer hit her, throwing her motorcycle off the roadway.

38.     Despite having the opportunity to observe the Dart wheels detach and one of those wheels rapidly cross the interstate towards Barbara Granger, the Goodwill Trucking tractor-trailer did not take action to avoid hitting Ms. Granger or otherwise respond in a manner that would suggest Such, as the driver, was paying adequate attention to recognize the fatal situation that was unfolding and avoid it.

39.     Barbara tragically became entangled in the Goodwill Trucking tractor-trailer's undercarriage.  The tractor-trailer dragged her until Such finally brought it to a stop at a location law enforcement and witnesses report was approximately .5 mile from the point that he first hit her.  The distance the Goodwill Trucking tractor-trailer dragged Barbara Granger is many times the distance a reasonable commercial driver should take to stop.

40.     The Federal Motor Carrier Safety Administration has imposed rules in the form of regulations.  Those safety rules include limits on the number of hours a driver can operate and are imposed to protect the public, including everyone like Barbara Granger who must drive on the nation's roadways with commercial tractor-trailers.  Fatigue and reduced reaction time are dangers the safety rules limiting the hours drivers may operates guard against.  At the time the Goodwill Trucking tractor-trailer hit Barbara Granger, Such had exceeded the limits of those hours of service and therefore should not have been driving at all.

41.     After seeing the wheel from the Dart tractor-trailer hit Barbara, Scott Granger immediately stopped and began searching for her.  He found where her motorcycle came to rest off the interstate and frantically looked for her all around it.  Another driver stopped, pointed out

to Scott the Goodwill Trucking tractor-trailer parked down the road, and gave Scott a ride to where it was parked.  Scott found Barbara there still entangled in the undercarriage.

42.     Barbara died at the scene from catastrophic injuries she suffered during the crash.

43.     Scott and other witnesses saw the Dart tractor-trailer pull over and stop after throwing its rear trailer wheels.  Consistent with this, law enforcement found fluid that leaked from the rear trailer axle pooled at the same location the tractor-trailer was seen temporarily stopped.  But Tan did not stay stopped long.  Instead, he fled the scene, continuing driving a tractor-trailer missing both rear driver's side trailer wheels.  Law enforcement later found him parked amid other trucks at the truck stop located at Clines Corners, New Mexico, miles away from the location of the crash.  There, he denied knowing he had lost the wheels or that they caused a crash.

44.     State law enforcement issued citations based on the Dart tractor-trailer's stripped and missing wheel fasteners for the lost wheels and further documented that the axle was damaged and leaking fluid.

45.     Law enforcement seized Tan's cellular telephone the night of the crash.  Before they could download information from the phone, however, they found that someone remotely wiped it of all data.

## COUNT I:  NEGLIGENCE AND NEGLIGENCE PER SE
## OF DART AND GILBERT TAN

46.     The plaintiffs incorporate by reference the foregoing allegations.

47.     Tan owed the plaintiffs a duty of care to operate the Dart tractor-trailer in a safe manner and in compliance with all safety rules, including statutes, regulations, and ordinances governing the operation and maintenance of vehicles on interstate and New Mexico roadways.

48.     Tan breached his duty of care by, among other things:

      a.      Failing to exercise due care in the operation and maintenance of the vehicle;

      b.      Failing to operate the vehicle in a safe and reasonable manner and under control in light of the circumstances;

      c.      Driving the Dart tractor-trailer in violation of existing statutes, regulations, codes, ordinances and legal rules;

      d.      Driving carelessly, including through the failure to give his full time and entire attention to the operation of the Dart tractor-trailer, and operating the tractor-trailer in a careless, inattentive or imprudent manner;

      e.      Violating statutes, regulations, codes, and ordinances; and

      f.      Otherwise acting without the reasonable care required of him under the circumstances.

49.     Tan's breach of duty was a direct and proximate cause of Barbara Granger's injuries and death.

50.     Tan was Dart's statutory employee, employee-in-fact, and agent at the time of the crash and all times relevant to the case.  Dart therefore is liable for any and all of Tan's wrongful acts and omissions.

51.     Dart additionally owed the plaintiffs a duty of care to, among other things:

      a.      Properly screen Tan before hiring him and putting him on the roadway operating Dart's tractor-trailer;

      b.      Properly train Tan;

      c.      Properly monitor Tan;

      d.      Properly supervise Tan;

    e.       Comply with all federal and state statutes, regulations, codes, ordinances, and legal rules;

    f.       Ensure Dart tractor-trailers were roadworthy and inspected in compliance with all governing statutes, rules, and regulations; and

    g.       Otherwise act with the reasonable care required of it under the circumstances.

52.     Dart breached its duties.

53.     Dart's breach of duty was a direct and proximate cause of Barbara Granger's injuries and death.

54.     Dart and Tan's acts and omissions were reckless, willful, and wanton.

55.     Tan engaged in the acts and omissions that caused Barbara Granger's injuries and death while acting in the scope of his employment by Dart and while operating with sufficient authority to act for Dart with regard to the conduct at issue.  Dart otherwise authorized, participated in, and ratified Tan's conduct.  These defendants therefore should be held responsible for punitive damages beyond the other damages set out herein.

## COUNT II:  DART'S NEGLIGENT ENTRUSTMENT

56.     The plaintiffs incorporate by reference the foregoing allegations.

57.     Dart gave Tan permission to operate a commercial tractor-trailer for it.

58.     Dart knew or should have known that Tan was likely to use and maintain the tractor-trailer or otherwise conduct himself in operating and maintaining the tractor-trailer in such a manner as to create an unreasonable risk of harm to others.

59.     Tan was negligent in the operation and maintenance of the tractor-trailer he operated for Dart.

60.     Tan's negligence was a cause of the injuries to, and death of, Barbara Granger.

61.     Dart's negligent entrustment of Tan was a direct and proximate cause of Plaintiffs' injuries.

62.     Dart's acts and omissions related to entrusting Tan with the tractor-trailer were reckless, willful, and wanton.

## COUNT III:  NEGLIGENCE OF SUNRISE TIRE AND LUBE SERVICE, INC., HAR-SUKH CORP., INC., SAM SANDHU, JASVIR SINGH, RAJINDER SINGH BASSI, SUKHDEV SINGH DHALIWAL, TERI-OAT, LLC, JOHN DOE 1, AND JOHN DOE 2 d/b/a AMERICAN TIRE AND TRUCK REPAIR

63.     The plaintiffs incorporate by reference the foregoing allegations.

64.     Sunrise Tire and Lube Service, Inc., Har-Sukh Corp., Inc., Sam Sandhu, Jasvir Singh, Rajinder Singh Bassi, Sukhdev Singh Dhaliwal, Teri-Oat, LLC, John Doe 1, and John Doe 2 ("the American Tire and Truck Repair Defendants") owed the plaintiffs a duty to operate the tire and mechanic shop doing business as, among other names, American Tire and Truck Repair, with reasonable care.  That includes using reasonable care to ensure that services on all vehicles, and commercial tractor-trailers in particular, were performed with the care a reasonably prudent person would exercise to prevent injury to others, including the traveling public.  The care necessary to satisfy that duty in performing work on commercial tractor-trailers increased commensurate with the risk of catastrophic harm commercial tractor-trailers pose to others on the roadway.

65.     The American Tire and Truck Repair Defendants breached their duties, including through negligence in doing work directly or through agents on the Dart tractor-trailer Tan operated at the time of Barbara Granger's death.

66.     The American Tire and Truck Repair Defendants' breach was a direct and proximate cause of Barbara Granger's injuries and death.

12

67.     The American Tire and Truck Repair Defendants' acts and omissions were reckless, willful, and wanton.

## COUNT IV:  NEGLIGENCE AND NEGLIGENCE PER SE
## OF GOODWILL TRUCKING AND GURPREET SUCH

68.     The plaintiffs incorporate by reference the foregoing allegations.

69.     Gurpreet Such owed the plaintiffs a duty of care to operate the Goodwill Trucking tractor-trailer he was operating at the time of the crash in a safe manner and in compliance with all safety rules, including statutes, regulations, and ordinances governing the operation and maintenance of vehicles upon interstate and New Mexico roadways.

70.     Such breached his duty of care by, among other things:

a.      Failing to keep a proper lookout, including by failing to see what was in plain sight and obviously apparent to someone under like or similar circumstances, and, with respect to that which was not in plain sight or readily apparent, by failing to appreciate and realize what was reasonably indicated by that which was in plain sight;

b.      Failing to exercise due care in the operation and maintenance of the vehicle;

c.      Failing to operate the vehicle in a safe and reasonable manner and under control in light of the circumstances;

d.      Driving the Goodwill Trucking tractor-trailer in violation of existing statutes, regulations, codes, ordinances and legal rules;

e.      Driving the tractor-trailer while inattentive to other vehicles and roadway conditions;

13

      f.      Driving carelessly, including through the failure to give his full time and entire attention to the operation of the Goodwill Trucking tractor-trailer, and operating the tractor-trailer in a careless, inattentive or imprudent manner without due regard for the width, grade, curves, corners, traffic, weather and road conditions, and all other attendant circumstances;

      g.      Becoming distracted while driving;

      h.      Driving while overly fatigued;

      i.      Violating statutes, regulations, codes, and ordinances;

      j.      Otherwise acting without the reasonable care required of him under the circumstances.

71.      Such's breach of duty was a direct and proximate cause of Barbara Granger's injuries and death.

72.      Such was Goodwill Trucking's statutory employee, employee-in-fact, and agent at the time of the crash.  Goodwill Trucking therefore is liable for any and all of Such's wrongful acts and omissions.

73.      Motor carriers like Goodwill Trucking are subject to specific federal and state safety rules adopted to address the skill necessary to operate a commercial tractor-trailer and the risk of harm such vehicles pose when they are not operated safely.  Driving large commercial motor vehicles like the tractor-trailer Such was operating for Goodwill Trucking is physically and mentally demanding.  It requires a high degree of focus and attention and skill, and strict compliance with applicable safety regulations and industry safety standards.

74.      Commercial motor carriers have a duty to determine that, beyond merely holding of a commercial license, the driver's they put on the road operate safely.  That includes a duty to

reasonably ensure that their drivers are instructed in, know, and comply with federal safety regulations when the driver is hired and throughout the time the driver operates for a commercial motor carrier like Goodwill Trucking.  Consistent with this, motor carriers must have effective fleet safety programs that should include, at a minimum, written policies communicated clearly to all drivers that are reviewed and monitored to determine compliance and are consistently enforced.

75.     Goodwill Trucking's duty to Plaintiffs included, among other things, an obligation to:

      a.     Properly screen Such before hiring him and putting him on the roadway operating Goodwill Trucking's tractor-trailer;

      b.     Properly train Such;

      c.     Properly monitor Such;

      d.     Properly supervise Such;

      e.     Comply with all federal and state statutes, regulations, codes, ordinances, and legal rules; and

      f.     Otherwise act with the reasonable care required of it under the circumstances.

76.     Goodwill Trucking breached its duties.  Goodwill Trucking's breaches include, but are not limited to:

      a.     Failing to determine before hiring Such that he was knowledgeable of, instructed on, and skilled and responsible enough to operate a commercial tractor-trailers in compliance with the duties set out paragraph 70 above and all state and federal safety regulations.  At the very least, this required

Goodwill Trucking to determine that Such:  (1) understood his duty to comply with safety rules limiting his hours of service; and (2) understood and drove in a manner consistent with his duty to pay attention to dangerous situations arising on the road around him and safely respond to those circumstances, including by taking reasonable action to avoid or mitigate the risk of harm to others on the roadway and properly brake to avoid hitting or limit the harm to those on the road around him in a dangerous circumstance.

b.      Training Such on these duties so that he understood the need and had the s kills required to comply with them.

c.      Monitoring and supervising Such in a manner that reasonably guarded against his violation of these duties, including but not limited to scrutinizing compliance with hours of service and safe operation of his tractor-trailer.

d.      Failing to maintain and effectively implement an adequate fleet safety program.

77.      Goodwill Trucking's breach of duty was a direct and proximate cause of Barbara Granger's injuries and death.  If Goodwill Trucking met its duties in hiring, training, monitoring, and supervision, Such never would have been operating a Goodwill Trucking tractor-trailer when he hit and killed Barbara Granger.  But-for the company's breaches of duty, Such would not have been operating that tractor-trailer in violation of federal safety rules limiting hours of service with the accompanying fatigue and reduced reaction time associated with driving too long without the breaks.  And but-for those breaches, Such would not have been operating a Goodwill

16

Trucking tractor-trailer without a proper understanding of the need for, and skills necessary to, safely operate the Goodwill Trucking tractor-trailer the company entrusted to him.

78.     Goodwill Trucking and Such's acts and omissions in causing Barbara Granger's injuries and death were reckless, willful, and wanton.

79.     Such engaged in the acts and omissions that caused Barbara Granger's injuries and death while acting in the scope of his employment by Goodwill Trucking and while operating with sufficient authority to act for Goodwill Trucking with regard to the conduct at issue.  Goodwill Trucking otherwise authorized, participated in, and ratified Such's conduct. These defendants therefore should be held responsible for punitive damages beyond the other damages set out herein.

### COUNT V:  GOODWILL TRUCKING'S NEGLIGENT ENTRUSTMENT

80.     The plaintiffs incorporate by reference the foregoing allegations.

81.     Goodwill Trucking gave Such permission to operate a tractor-trailer for the company.

82.     Goodwill Trucking knew or should have known that Such was likely to use the tractor-trailer or otherwise conduct himself in operating and maintaining it in such a manner as to create an unreasonable risk of harm to others.  This includes, but is not limited to, Goodwill Trucking's decision to let Such operate outside the hours of safety limitations the federal government imposes for the safety of the public, which a reasonable commercial motor carrier would recognize created an unreasonable risk of harm to the traveling public, including Barbara Granger.  It also includes Goodwill Trucking's failures related to hiring, training, supervision and monitoring detailed above, which resulted in putting a driver on the road that neither reacted to the danger created when the Dart tractor-trailer wheel crossed the interstate towards Barbara

Granger before hitting her nor brought his commercial tractor-trailer to a stop over a reasonable distance as she was dragged underneath it.

83.    Such was negligent in the operation of the tractor-trailer he operated for Goodwill Trucking.

84.    Such's negligence was a cause of the injuries to, and death of, Barbara Granger.

85.    Goodwill Trucking's negligent entrustment of Such to drive for the company was a direct and proximate cause of the plaintiffs' injuries.

86.    Goodwill Trucking's acts and omissions related to entrusting Such with the tractor-trailer were reckless, willful, and wanton.

## COUNT VI:  NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

87.    The plaintiffs incorporate by reference the foregoing allegations.

88.    Scott Granger had a close family relationship with his wife, Barbara Granger.

89.    As a result of seeing his wife needlessly killed, including finding her body horrifically disfigured after being dragged underneath the Goodwill Trucking tractor-trailer, Scott suffered severe emotional distress.

90.    The defendants' negligence was a cause of Barbara's injuries, death, and the severe emotional distress Scott suffered as a result of his first-hand observations of the immediate crash and, after hopelessly searching for her, finding Barbara's body trapped and disfigured underneath the Goodwill Trucking tractor-trailer.

## COUNT VII:  LOSS OF CONSORTIUM
### (All Defendants)

91.    The plaintiffs incorporate by reference the foregoing allegations.

92.     Scott Granger had an intimate familial relationship with Barbara.  They were mutually dependent on each either, and Scott cannot enjoy life in the same way now that the defendants severed his relationship with her.

93.     It was reasonably foreseeable to the defendants that, by causing Barbara's death, they would damage Scott's relationship with her.

94.     The defendants' conduct has forever deprived Scott of Barbara's affection, society, and companionship.

WHEREFORE, the plaintiffs pray for judgment against the defendants for their damages to the full extent permitted by law, including compensatory and punitive damages, pre-judgment and post-judgment interest at the legal rate, for their costs, and for such other and further relief to which they may be entitled under the facts and circumstances.  The plaintiffs' compensatory damages for the wrongful death of Barbara Granger include, but are not limited to:  (1) the pain and suffering Barbara experienced; (2) Barbara's lost earning capacity and the value of her household services; (3) the value of Barbara's life apart from her earning capacity; (4) the reasonable expenses of necessary medical care and treatment and funeral and burial; (5) the aggravating circumstances attending the defendants' wrongful act, neglect, or default; and (6) the loss to the beneficiaries of other expected benefits that have a monetary value.  Plaintiff Scott Granger additionally should recover compensatory damages for the loss of society, guidance, and companionship of Barbara Granger and the emotional distress he suffered as a result of witnessing her death.

Respectfully submitted,

PEIFER, HANSON, MULLINS & BAKER, P.A.


By: */s/ Mark T. Baker*
      Mark T. Baker
      Elizabeth K. Radosevich
Post Office Box 25245
Albuquerque, NM  87125-5245
Tel:    505-247-4800
Email: mbaker@peiferlaw.com
      eradosevich@peiferlaw.com

*Attorneys for Plaintiffs*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of March, 2020, the foregoing was filed electronically pursuant to CM/ECF procedures for the District of New Mexico, which caused counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

PEIFER, HANSON, MULLINS & BAKER, P.A.

By: */s/ Mark T. Baker*
      Mark T. Baker