RATTAN DEV SINGH DHALIWAL (CSBN 177318)
DHALIWAL LAW GROUP, INC.
2005 De La Cruz Boulevard, Suite 185
Santa Clara, CA 95050
Telephone: (408) 988-7722
Facsimile: (408) 988-3345

Attorneys for Defendant
Sunrise Tire and Lube Service, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| KRISTINA MARTINEZ, in her Capacity As the Personal Representative of the Wrongful Death Estate of Barbara Granger, Individually<br><br>Plaintiffs<br><br>v<br><br>DART TRANS, INC., GILBERT TAN d/b/a GMT TRUCKING, SUNRISE TIRE AND LUBE SERVICE, INC., HAR-SUKH CORP., INC., SAM SANDHU, JASVIR SINGH, RAJINDER SINGH BASSI, SUKHDEV SINGH DHALIWAL, TERI-OAT, LLC, JOHN DOE 1, JOHN DOE 2, GOODWILL TRUCKING, LLC., and GURPREET SUCH,<br><br>Defendants | No. CIV 19-00994 JB/JHR<br><br>**NOTICE OF MOTION AND MOTION TO SET ASIDE DEFAULT OF DEFENDANT SUNRISE TIRE AND LUBE SERVICE, INC., MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF DEFENDANT, AND ITS ATTORNEY IN SUPPORT THEREOF** |

**MOTION TO SET ASIDE DEFAULT**      Page 1

NOTICE IS HEREBY GIVEN that the Defendant, by and through its counsel, will move the Court for an Order to aside default..

This motion is made on the following ground:

The Defendant, through its counsel, hereby moves pursuant to Federal Rules of Civil Procedure Rule 55 F.R. Civ. P. and Rule 60 F.R. Civ.P., for the Court to enter an Order setting aside default entered against Defendant on or about January 7, 2020.  Defendant avers that its failure to file a response was excusable, because it could not attain the services of a lawyer for various reasons to file a response to this instant lawsuit and to represent the Defendant.  Further, Defendant has a proper defense.  Defendant never worked on the side of the truck tires that broke and cause the death of Ms. Barbara Granger.

The motion will be based on this notice of motion, the accompanying Declaration of Debtor, the memorandum of points and authorities served and filed herewith, on the records and file herein, and on such evidence as may be presented at the hearing of the motion.

Dated: January 6, 2021         DHALIWAL LAW GROUP, INC.
                               By:


                               _/S/_____
                               RATTAN DEV SINGH DHALIWAL
                               Attorney for Defendant, Sunrise Tire and Lube Service, Inc.

**MOTION TO SET ASIDE DEFAULT**     Page 2

# DECLARATION OF DEFENDANT'S OFFICER, GURKIRPAL PATTAR
# IN SUPPORT OF MOTION TO SET ASIDE DEFAULT

I, GURKIRPAL PATTAR, declare under penalty of perjury under the laws of the State of California as follows:

1. I am a Secretary of Defendant corporation. We were informed that we could not represent the corporation, and had to retain the services of an attorney to defendant the corporation, and following are some of the problems we faced:

2. We made several phone calls to different lawyers, and could not find a lawyer that would help us. Some law firms refused to help us, other law firms were representing other defendants and hence there was conflict with us, and other law firms asked for retainer that we could not afford.

3. Some law firms refused to take our case because they did not want to go against the law firm representing the Plaintiffs. This reasoning shocked us. Cost of hiring an attorney from out of state was simply prohibitive, and in addition, none of them were comfortable practicing under New Mexico laws. Our California attorney also tried to help us, but encountered the same problems as discussed herein.

4. Covid 19 killed our business, and then we were no longer in a position to hire an attorney. Due to the above mentioned reasons a default was entered against the Defendant on or about January 7, 2020.

5. We knew we had good defense because we never worked on the side of the truck tires that broke and caused the instant accident. We worked on the other side.

6. This can be confirmed independently as well. If our job was defective, the truck could not have travelled to New Mexico.

Dated: January 6, 2021

/s/ Gurkirpal Pattar\_\_\_\_
Gurkirpal Pattar

**MOTION TO SET ASIDE DEFAULT**     Page 3

# DECLARATION OF DEFENDANT'S ATTORNEY, RATTAN DEV S. DHALIWAL IN SUPPORT OF MOTION TO SET ASIDE DEFAULT

I, Rattan Dev S. Dhaliwal, declare under penalty of perjury under the laws of the State of California as follows:

1   Our law firm has represented Defendant from time to time.  Our firm also tried to help find a law firm for Defendant herein, but were unsuccessful for all the same reasons a enumerated above by the Officer of the Defendant.

2   The one that surprised me the most was the law firms refusal to go against the law firm representing the Plaintiffs.

3   Defendant does not remember when it was served, but the basic idea to set aside the default is the help reach a reasonable settlement with Plaintiffs.  Our law firm will be helping Defendant reach a settlement with Plaintiffs.

4   Defendant does have choice to hire one of the lawyers that represented other defendants in this case because there is no conflict now.  However, the first choice of the Defendant is to settle the matter.

Dated: January 6, 2021

/s/Rattan Dev S. Dhaliwal
Rattan Dev S. Dhaliwal

**MOTION TO SET ASIDE DEFAULT**      Page 4

<h1 style="text-align:center">MEMORANDUM OF POINTS AND AUTHORITY</h1>

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The instant matter as filed on October 24, 2019, and a default was entered against the Defendant on or about January 7, 2020.  Rule

## II.    LEGAL ARGUMENTS

### A.  THIS COURT HAS AUTHORITY TO VACATE THE DISMISSAL

Because the mere entry of default does not carry the full weight of a final judgment, the courts take a liberal approach in determining whether "good cause" has been shown under Rule 55(c) to justify the setting aside an entry of default, See United States v. Bridwell's Grocery & Video, 195 F.3d 819, 820-822 (6th Cir. 1999).  District Court erred in refusing to set aside entry of default against pro se defendant, when there was no willfulness, no prejudice to opposing party, and meritorious defense existed; standards for relief from mere entry of default are more liberal than those for relief from default judgment; 10 Moore's Federal Practice, Section 55.50(1) (Mathew Bender 3d ed.).  The plain language of Rule 60(b) establishes that a court may relieve a party from a final judgment or order entered against it due to "mistake, inadvertence, surprise, or excusable neglect," upon the filing of a motion.

The facts here establish that the failure of Defendant does constitutes a mistake, inadvertence, or excusable neglect.

### B.   CONDUCT OF DEBTOR CONSTITUTES EXCUSABLE NEGLECT:

**MOTION TO SET ASIDE DEFAULT**      Page 5

Under Rule 60(b)(1), a motion for relief from judgment may be premised on "mistake, inadvertence, surprise, or excusable neglect."  The ground for relief from judgment focuses on some error made by a part or a party's attorney so that a conscious decision or strategic choice of a litigant or counsel may never be grounds for relief under Rule 60(b)(1).  See Pettle vs. Bickham, 410 F.3d 189, 192-193 (5th Cir. 2005).  If the part demonstrated due diligence, it may be relieved of the consequences of its own mistake.  See Union Pac. R.R. v. Progress Rail Servs. Corp., 256 F.3d 781, 782-783 (8th Cir. 2001).  The Supreme Court has held that the "excusable neglect" standard of Rule 60(b)(2) is "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include … the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  <u>Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. Partnership</u>, 507 U.S. 380, 395; 113 S. Ct. 1489, 1498 (1993).  Court held that the term "excusable neglect" was not limited to circumstances beyond the control of the party seeking the extension of time, but instead extended to embrace cases of negligence.

In the instant matter, Defendant cannot represent itself.  This created a very first hurdle to cross.  Then Defendant through its officer diligently tried to hire an attorney in New Mexico but without any success whatsoever due to various reasons.  Covid 19 and the shutdown that followed made the matters worst.  Officer of the Corporation gave a declaration to this effect, and the attorney for the corporation confirmed this information, and gave the declaration to the same effect.

Defendant is not aware of any prejudice to the Plaintiffs, and in fact does have meritorious defense.  The truck simply could not have travelled to New Mexico if the job done by Defendant was less than acceptable by industry standards.  In other words, if the workmanship was bad or shoddy.

**MOTION TO SET ASIDE DEFAULT**      Page 6

In any case, Defendant feels for Plaintiff and wants to just settle the matter. This is Defendant's first choice, because to prove its defense will cost money, and Defendant would rather find a way to give that money to Plaintiff.

### III. CONCLUSION

Defendant's inability to retain a lawyer, covid 19, and subsequent inability to pay the retainer to retain a lawyer does constitute an inadvertent mistake and excusable neglect. It did not create any prejudice to Plaintiffs. It was not an act in bad faith to hinder or manipulate the proceedings.

Therefore, under Federal Rule of Civil Procedure 60(b)(1) Defendant prays that the default be set aside and case be allowed to proceed.

Dated: January 6, 2021            DHALIWAL LAW GROUP, INC.
                                  By:


                                  _____/S/_____
                                  RATTAN DEV SINGH DHALIWAL
                                  Attorney for Defendant

**MOTION TO SET ASIDE DEFAULT**     Page 7