IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KRISTINA MARTINEZ, *in her capacity as the Personal Representative of the Wrongful Death Estate of Barbara Granger*, and SCOTT GRANGER,

    Plaintiffs,

vs.                                                                                                        No. CIV 19-0994 JB/JHR

DART TRANS, INC.; GILBERT TAN D/B/A GMT TRUCKING; SUNRISE TIRE AND LUBE SERVICE, INC.; HAR-SUKH CORP. INC.; SAM SANDHU; JASVIR SINGH; RAJINDER SINGH BASSI; SUKHDEV SINGH DHALIWAL; TERI-OAT, LLC; JOHN DOE 1; JOHN DOE 2; GOODWILL TRUCKING, LLC and GURPREET SUCH,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiffs' Rule 60(a) Motion to Correct Mistake in Default Judgment, filed May 14, 2021 (Doc. 112)("Motion"). The Court held a hearing on June 18, 2021. See Clerk's Minutes at 1, filed July 1, 2021 (Doc. 127). The primary issues are: (i) whether, under rule 60(a) of the Federal Rules of Civil Procedure, the Court may alter its Default Judgment, filed January 29, 2020 (Doc. 36), to correct a misnomer[1]; and (ii) whether the Court should correct its Default Judgment to change the Defendant to whom the Default Judgment refers as Sukhdev Singh Dhaliwal to Sukhdev Singh, a/k/a Sukhdev Singh Dhaliwal, a/k/a

---

[1]A misnomer is "the misnaming of a person in a legal instrument" or "a use of a wrong or inappropriate name. . . ." Misnomer, Merriam Webster, https://www.merriam-webster.com/dictionary/misnomer (last visited July 5, 2021).

Sukhdev Dhaliwal Singh, where this Defendant[2] has used all three names during this litigation. The Court will alter its Default Judgment to refer to this Defendant as Sukhdev Singh, a/k/a Sukhdev Singh Dhaliwal, a/k/a Sukhdev Dhaliwal Singh, because: (i) rule 60(a) permits the Court to correct misnomers, given that changing a misnomer comports with rule 60(a)'s purpose in that the correction does not change a party's identity, but rather, ensures that the Default Judgment identifies correctly the individual against whom the Court has entered Default Judgment; and (ii) throughout the litigation, the parties and the Court have known whom this Defendant is -- Defendant Sunrise Tire and Lube Service, Inc.'s owner and registered agent -- and changing the name in the Default Judgment will reflect more clearly the Court's purpose in entering the Default Judgment, by preventing this Defendant from avoiding the Default Judgment's consequences by attempting to go by different versions of the same name. Accordingly, the Court grants the Motion.

## **FACTUAL BACKGROUND**

The Court takes its facts from the Plaintiffs' Complaint for Personal Injury, Wrongful Death, and Loss of Consortium ¶¶ 1-90, at 1-17, filed October 24, 2019 (Doc. 1-1). "Plaintiff Scott Granger is a resident and citizen of Crawford County, Pennsylvania." Complaint ¶ 10, at 3. B. Granger and S. Granger were "married 27 years." Complaint ¶ 4, at 2. "Sukhdev Singh Dhaliwal is listed as the owner of American Tire and Truck Repair with the business license division of San Joaquin County, California." Complaint ¶ 15, at 4. Dhaliwal "is a resident of San Joaquin County, State of California, and a citizen of California." Complaint ¶ 15, at 4. Sunrise Tire "is a California corporation incorporated in March 2017." Complaint ¶ 16, at 4. "Sunrise

---

[2]Typically, the Court refers to parties by their names where possible. Here, because the Court is analyzing what name is proper for the Defendant referenced in the Default Judgment as Sukhdev Singh Dhaliwal, the Court refers to this individual as "this Defendant" during its Analysis.

Tire's principal place of business is located in San Joaquin County, California." Complaint ¶ 16, at 4. Dhaliwal "is Sunrise Tire's Chief Executive Officer and registered agent." Complaint ¶ 17, at 4. Dhaliwal "exercised control over, was an agent, or was a managing agent of the business operating as American Tire and Truck Repair during the times relevant to this complaint." Complaint ¶ 17, at 4.

Defendant Dart Trans., Inc., "was the owner and motor carrier operating the tractor-trailer Gilbert Tan was driving during all times relevant to this case." Complaint ¶ 29, at 6. "In July 2018, Dart allowed the mechanic shop operating as, among other business names, American Tire and Truck Repair, to perform work on the Dart tractor-trailer that Tan operated." Complaint ¶ 30, at 6. "Sunrise Tire and Lube Service, Inc. . . . [and] Sukhdev Singh Dhaliwal were responsible for the operations, hiring, maintenance, and work American Tire and Truck Repair provided." Complaint ¶ 30, at 6. "[T]he work on the Dart trailer's axle created a dangerous condition such that it only was a matter of time before the wheel fasteners for the rear driver's side axle on the trailer fell off, allowing the wheels to detach from the tractor-trailer." Complaint ¶ 34, at 7.

B. Granger and S. Granger "were traveling the country celebrating Scott's recent recovery from cancer," when B. Granger died in an accident. Complaint ¶ 4, at 2. "As the Dart tractor-trailer was driving east on Interstate 40 in the area of mile marker 212, two wheels from the driver's side rear axle detached from the Dart trailer." Complaint ¶ 35, at 7. One wheel "skated up an embankment, through a barbed wire fence, and traveled another 100 feet before it came to rest; the other crossed the center median of the interstate." Complaint ¶ 35, at 7. "When the wheels detached from the Dart tractor-trailer, Scott Granger and his wife were both on their motorcycles traveling west in the inside lane of travel." Complaint ¶ 36, at 7. "Barbara was in front of Scott." Complaint ¶ 36, at 7. "Scott suddenly saw the Dart wheel cross the median and hit Barbara."

Complaint ¶ 36, at 7. "The force of the wheel striking Barbara pushed her into the outside lane of travel, where the Goodwill Trucking tractor-trailer hit her, throwing her motorcycle off the roadway." Complaint ¶ 37, at 8. B. Granger "became entangled in the Goodwill Trucking tractor-trailer's undercarriage." Complaint ¶ 38, at 8. "The tractor-trailer dragged her until" Defendant Gurpreet "Such finally brought it to a stop at a location . . . approximately .5 mile from the point that he first hit her." Complaint ¶ 38, at 8.

S. Granger "was on his motorcycle traveling just behind Barbara and saw the wheel from the Dart tractor-trailer hit her before she disappeared under the Goodwill Trucking tractor-trailer." Complaint ¶ 3, at 2. "After seeing the wheel from the Dart tractor-trailer hit Barbara, Scott immediately stopped and began searching for her." Complaint ¶ 39, at 8. S. Granger "found where her motorcycle came to rest off the interstate and frantically looked for" B. Granger. Complaint ¶ 39, at 8. "Another driver stopped, pointed out to Scott the Goodwill Trucking tractor-trailer parked down the road, and gave Scott a ride to where it was parked." Complaint ¶ 39, at 8. "Scott found Barbara there still entangled in the undercarriage." Complaint ¶ 39, at 8. B. Granger "died at the scene from . . . injuries she suffered during the crash." Complaint ¶ 40, at 8.

"The Dart tractor-trailer pull[ed] over and stop[ped] after throwing its rear trailer wheels." Complaint ¶ 41, at 8. "[L]aw enforcement found fluid that leaked from the rear trailer axle pooled at the same location the tractor-trailer was seen temporarily stopped." Complaint ¶ 41, at 8. "State law enforcement issued citations based on the Dart tractor-trailer's stripped and missing wheel fasteners for the lost wheels and further documented that the axle was damaged and leaking fluid." Complaint ¶ 42, at 8. "Plaintiff Kristina Martinez was appointed Personal Representative of the Wrongful Death Estate of Barbara Granger" on February 18, 2019. Complaint ¶ 9, at 3. "Martinez is a resident of Santa Fe County, State of New Mexico." Complaint ¶ 9, at 3.

## PROCEDURAL BACKGROUND

The Plaintiffs filed the Complaint in the County of Santa Fe First Judicial District Court, State of New Mexico, on August 8, 2019.  See Complaint at 1.  Defendant Goodwill Trucking, LLC, a Defendant no longer involved in this case, see Stipulated Order of Partial Dismissal with Prejudice, filed March 23, 2021 (Doc. 108), removed the case to federal court, see Notice of Removal, filed October 24, 2019 (Doc. 1).  When Defendants Sunrise Tire and Sukhdev Singh Dhaliwal did not file an answer with the Court, the Clerk of the Court entered default, see Clerk's Entry of Default at 1, filed December 6, 2019 (Doc. 12)("Sunrise Default Entry"); Clerk's Entry of Default at 1, filed December 11, 2019 (Doc. 19)("Dhaliwal Default Entry"), and, later, the Court entered default judgment, see Default Judgment at 1-2.  The Plaintiffs now ask the Court to correct its Default Judgment to reflect this Defendant's pseudonyms.  See Motion at 1-5.

1. **The Complaint.**

Counts III, VI, and VII of the Complaint relate to Sunrise Tire and Dhaliwal.  See Complaint ¶¶ 61-65, at 11-12 (discussing Count III: Negligence); id. ¶¶ 83-86, at 15 (discussing Count VI: Negligent Infliction of Emotional Distress); id. ¶¶ 87-90, at 16 (discussing Count VII: Loss of Consortium).  The Plaintiffs allege that Sunrise Tire and Dhaliwal, as well as other Defendants who have since been dismissed from this case, were negligent, explaining that they

> owed the plaintiffs a duty to operate the tire and mechanic shop doing business as, among other names, American Tire and Truck Repair, with reasonable care.  That includes using reasonable care to ensure that services on all vehicles, and commercial tractor-trailers in particular, were performed with the care a reasonably prudent person would exercise to prevent injury to others, including the traveling public.  The care necessary to satisfy that duty in performing work on commercial tractor-trailers increased commensurate with the risk of catastrophic harm commercial tractor-trailers pose to others on the roadway.

Complaint ¶¶ 61-62, at 11-12.  The Plaintiffs allege that they "breached their duties, including

through negligence in doing work directly or through agents on the Dart tractor-trailer Tan operated at the time of Barbara Granger's death." Complaint ¶ 63, at 12. The Plaintiffs contend that the "breach was a direct and proximate cause of Barbara Granger's injuries and death." Complaint ¶ 64, at 12. The Plaintiffs assert that the "actions and omissions were reckless, willful, and wanton." Complaint ¶ 65, at 12.

The Plaintiffs then contend that all of the Defendants imposed negligent infliction of emotional distress on S. Granger. See Complaint ¶ 86, at 15. The Plaintiffs note that S. Granger "had a close family relationship with his wife," B. Granger. Complaint ¶ 86, at 15. The Plaintiffs state: "As a result of seeing his wife needlessly killed, Scott suffered severe emotional distress." Complaint ¶ 85, at 15. The Plaintiffs allege that "the defendants' negligence was a cause of Barbara's injuries and death." Complaint ¶ 86, at 15.

Last, the Plaintiffs discuss their loss-of-consortium claim. See Complaint ¶¶ 87-90, at 16. The Plaintiffs explain that B. Granger and S. Granger had "an intimate familial relationship" in which "[t]hey were mutually dependent on each other . . . ." Complaint ¶ 88, at 16. As a result, the Plaintiffs allege that S. Granger "cannot enjoy life in the same way now that the defendants severed his relationship with her." Complaint ¶ 88, at 16. The Plaintiffs conclude that "the defendants' conduct has forever deprived Scott of Barbara's affection, society, and companionship." Complaint ¶ 90, at 16. The Plaintiffs ask the Court for a judgment against the Defendants for

> damages to the full extent permitted by law, including compensatory and punitive damages, pre-judgment and post-judgment interest at the legal rate, for their costs, and for such other and further relief to which they may be entitled under the facts and circumstances. The plaintiffs' compensatory damages for the wrongful death of Barbara Granger include, but are not limited to: (1) the pain and suffering Barbara experienced; (2) Barbara's lost earning capacity and the value of her household services; (3) the value of Barbara's life apart from her earning capacity;

(4) the reasonable expenses of necessary medical care and treatment and funeral and burial; (5) the aggravating circumstances attending the defendants' wrongful act, neglect, or default; and (6) the loss to the beneficiaries of other expected benefits that have a monetary value. Plaintiff Scott Granger additionally should recover compensatory damages for the loss of society, guidance, and companionship of Barbara Granger and the emotional distress he suffered as a result of witnessing her death.

Complaint at 16 (no paragraph numbering).

### 2. The Clerk's Entries of Default.

On December 6, 2019, Mitchell R. Elfers, the Clerk of the United States District Court for the District of New Mexico, "enter[ed] default judgment against Sunrise Tire and Lube Service, Inc." Sunrise Default Entry at 1. The Default Entry noted that Sunrise Tire, "against whom judgment for affirmative relief is sought in this action, has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure." Sunrise Default Entry at 1. The Clerk, therefore, entered default against Sunrise Tire pursuant to rule 55(a) of the Federal Rules of Civil Procedure. See Default Entry at 1. For the same reasons, the Clerk entered default against Dhaliwal on December 11, 2019. See Dhaliwal Default Entry at 1.

### 3. The Motion for Default Judgment.

On December 16, 2019, the Plaintiffs asked the Court to "enter a default judgment on liability against Sunrise Tire" and Dhaliwal. Plaintiffs' Motion for Entry of Default Judgment Against Sunrise Tire and Lube Service, Ind., Har-Sukh Corp., Inc., Terri-Oat, LLC, Rajinder Singh Bassi, and Sukhdev Singh Dhaliwal at 1, filed December 16, 2019 (Doc. 20)("Motion for Default Judgment"). The Plaintiffs noted that, "[a]lthough they have not appeared personally or by a representative, Plaintiffs provided these defendants and the California law firm that has indicated that it represents them a copy of the motion for default." Motion for Default Judgment ¶ 3, at 2. The Plaintiffs therefore asked the Court to "enter a default judgment against these defendants and

schedule a damages hearing to follow." Motion for Default Judgment ¶ 6, at 2.

   4.   **<u>The Default Judgment.</u>**

The Court held a hearing on the Motion for Default Judgment on January 22, 2020. See Clerk's Minutes at 1, filed January 22, 2020 (Doc. 34). When the Court held a hearing on the Motion for Default Judgment, neither Sunrise Tire nor Dhaliwal attended the hearing. See Default Judgment at 1. Mr. Rattan Dhaliwal has appeared on Sunrise Tire's behalf in this case, but he is not an attorney of record on Case Management/Electronic Case Files ("CM/ECF").[3] See Staff Notes (dated January 7, 2021), Docket Text ("Tried to call Mr. Dhaliwal with no success. Emailed him in re to not being admitted to our court with attached instructions for Associating and a Petition for Admission.").[4] On January 29, 2020, the Court granted the Plaintiffs' request for default judgment as to Sunrise Tire and "Sukhdev Singh Dhaliwal." Default Judgment at 2. The Court explained that, although it would enter judgment regarding liability "against these Defendants and in favor of Plaintiffs," the "amount of damages to be awarded to Plaintiffs against these Defendants should be reserved for subsequent determination by the Court." Default Judgment at 2.

   5.   **<u>The Motion.</u>**

In the Motion, the Plaintiffs ask the Court to correct the Default Judgment's reference to this Defendant, because Sunrise Tire's "owner (and registered agent) is named as 'Sukhdev Singh

---

[3]CM/ECF "is the federal Judiciary's system that allows case documents, such as pleadings, motions, and petitions, to be filed with the court online. CM/ECF is most often used by attorneys in cases, U.S. Trustees, and bankruptcy trustees. Some courts permit bankruptcy claimants and pro se litigants to file using CM/ECF." <u>Electronic Filing (CM/ECF)</u>, United States Courts, https://www.uscourts.gov/court-records/electronic-filing-cmecf (last visited July 3, 2021).

[4]To date, Mr. Rattan Dhaliwal has not complied with the requirements to be admitted to the District of New Mexico.

Dhaliwal' in the Default Judgment, but it appears that may be a pseudonym, and his name may be 'Sukhdev Singh' and/or 'Sukhdev Dhaliwal Singh.'" Motion at 1 (no citation for quotation). The Plaintiffs note that they asked Mr. Rattan Dhaliwal his position on the Motion and that he "responded that he might be filing in an opposition to the motion." Motion at 2.[5] The Plaintiffs explain that the Complaint refers to this Defendant as Sukhdev Singh Dhaliwal, because the Plaintiffs "learned from the business license division for San Joaquin County," California, "that Sukhdev Singh Dhaliwal held the business license for American Tire." Motion at 2. The Plaintiffs continue that their "research suggested that this individual went by Sukhdev Singh, but we relied on the information regarding the business license in naming him in this case." Motion at 2. Then, on September 11, 2019, the Plaintiffs "served Defendant Singh Dhaliwal/Singh with process for 'Sukhdev Singh Dhaliwal' by substitute service, by leaving a copy of the summons with 'Jane Doe' after she said that Defendant Singh was not at home." Motion at 2. Later, in an email, a paralegal for Mr. Rattan Dhaliwal referred to this Defendant as "Sukhdev Dhaliwal Singh." Motion at 2. See Email from Mark Baker to Marven Masihi at 1 (dated Oct. 11, 2019), filed May 14, 2021 (Doc. 112-1)("Baker Email")(stating that the Plaintiffs "graciously granted Defendants, Sunrise Tire and Lube Service Inc., Rajinder Bassi Singh, and Sukhdev Dhaliwal Singh, thirty . . . day extension to answer on the complaint"). The Plaintiffs emphasize that all pleadings related to this Defendant "were served via certified mail on Defendant Singh Dhaliwal/Singh at 17910 Golden Spike Trail, Lathrop, CA 95330" and "the attorney for Defendant Singh Dhaliwal/ Singh," Mr. R. Dhaliwal, "via email and certified mail." Motion at 4.

Between December 23, 2020, and March 12, 2021, the Plaintiffs contend that they engaged

---

[5]To date, Mr. R. Dhaliwal has not opposed the Motion.

in settlement negotiations with this Defendant. See Motion at 4. "It was not until late in that time period that Mr. Dhaliwal first suggested there was no 'Sukhdev Singh Dhaliwal,' then equivocated over who Sunrise claims is its principal, and ultimately stated the contention that the principal is just 'Sukhdev Singh' for the first time in a March 8, 2021 Document." Motion at 4. The Plaintiffs emphasize, however, that Mr. Rattan Dhaliwal has never "suggested that Defendant Singh Dhaliwal/Singh was not fully apprised of the nature of the claims against him, did not receive each pleading, and/or would have done anything differently in this litigation had the claimed misnomer not existed." Motion at 4. The Plaintiffs argue that, instead, this Defendant's "decision" not to "defend the case, was strategic rather than the result of any confusion over his role." Motion at 4. The Plaintiffs insist that "[a]dding the pseudonyms, as the Federal Circuit recognized in [United States v. ]Bealey, is an immaterial change that does not affect the rights of Defendant Singh Dhaliwal/Singh." Motion at 6 (citing United States v. Bealey, 978 F.2d 696, 698 (Fed. Cir. 1992)). The Plaintiffs therefore ask the Court to correct this Defendant's name in the Default Judgment under rule 60(a), which they argue allows the Court to correct misnomers. See Motion at 5-6 (citing Anderson v. Brady, 6 F.R.D. 587 (E.D. Ky. 1974)(Swinford, J.)).

   **6.    The Hearing.**

The Court held a hearing on June 18, 2021, at which the Defendants did not appear. See Clerk's Minutes at 1. The Plaintiffs argued that, under rule 60(a) the Court may change misnomers in a judgment. See Draft Transcript of Hearing at 17:3-11 (taken June 18, 2021)(Beck)("Tr.").[6] The Plaintiffs therefore contended that, "as long as that party received actual notice of the pleadings," that, under rule 60(a), the Court may change this Defendant's name. Tr. at 18:15-24

---

[6]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

(Beck). The Plaintiffs further noted that the deadline to respond to the Motion had passed. See Tr. at 19:2-16 (Beck). The Plaintiffs explained that Mr. Dhaliwal had informed them recently "that he did not intend to defend the case," but that "he still may respond to this Motion." Tr. at 19:14-21 (Beck).

The Court asked the Plaintiffs whether the only issue here is this Defendant's "name," because "[w]e cannot get a definitive answer what is the right name," and the Plaintiffs agreed. Tr. at 20:5-13 (Court, Beck). See id. at 20:22-23 (Court)("It's just a name change?"); id. at 20:24-25 (Beck)("Exactly, it's just a name change from the Default Judgment."). The Court asked whether Mr. Rattan Dhaliwal "pretty much admits to you that it's just the same guy," and the Plaintiffs confirmed that this assertion is correct. Tr. at 21:1-3 (Court, Beck).

## **LAW REGARDING RULE 60(a)**

Under rule 60(a) of the Federal Rules of Civil Procedure, a court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The Court may do so on motion or on its own, with or without notice." Fed. R. Civ. P. 60(a). "It is axiomatic that courts have the power and the duty to correct judgments containing clerical errors or judgments issued due to inadvertence or mistake." Sec. Mut. Cas. Co. v. Century Cas. Co., 621 F.2d 1062, 1065 (10th Cir. 1980). Rule 60(a) may be used to correct "what is erroneous because the thing spoken, written or recorded is not what the person intended to speak, write or record." Allied Materials Corp. v. Superior Prods. Co., 620 F.2d 224, 225-26 (10th Cir. 1980). "A district court is not permitted, however, to clarify a judgment pursuant to Rule 60(a) to reflect a new and subsequent intent because it perceives its original judgment to be incorrect." Burton v. Johnson, 975 F.2d 690, 694 (10th Cir. 1992). Rather, a court's correction under rule 60(a) must "reflect the contemporaneous intent of the district court as evidenced by the

record." Burton v. Johnson, 975 F.2d at 694. A correction should not require additional proof. See McNickle v. Bankers Life & Cas. Co., 888 F.2d 678, 682 (10th Cir. 1989); Trujillo v. Longhorn Mfg. Co., 694 F.2d 221, 226 (10th Cir. 1982).

Rule 60(a) is not available to correct "something that was deliberately done," but "later discovered to be wrong." McNickle v. Bankers Life & Cas. Co., 888 F.2d at 682 (citations omitted). See 12 Thomas D. Rowe, Jr., Moore's Fed. Practice: Civil § 60.11(2)(b), at 60-38 (3d ed. 2013)("Although Rule 60(a) clearly reaches errors of omission, it will not reach an omission that accurately reflects what the court decided."). "Rule 60(a) finds application where the record makes apparent that the court intended one thing but by merely clerical mistake or oversight did another." Wheeling Downs Race Track v. Kovach, 226 F.R.D. 259, 262 (N.D. W. Va. 2004)(Stamp, J.)(quoting Dura-Wood Treating Co. v. Century Forest Indus., 694 F.2d 112, 114 (5th Cir. 1982)). "Under the Rule changes, have been made in the judgment where the trial court recognized that they were necessary to correct an oversight or omission." Sec. Mut. Cas. Co. v. Century Cas. Co., 621 F.2d at 1065 (citing Kelley v. Bank Bldg. & Equip. Corp., 453 F.2d 774, 778 (10th Cir. 1972)). "[W]hile the appeal is pending, [such mistakes] may be so corrected with leave of the appellate court." Fed. R. Civ. P. 60(a). See Copar Pumice Co. v. Morris, No. CIV 07-0079 JB/ACT, 2010 WL 4928966, at *6 (D.N.M. Oct. 25, 2010)(Browning, J.)(amending a final judgment, pursuant to the Tenth Circuit's leave, as required under rule 60(a) to amend an order after appeal, because the record before the Court made "'apparent that the court intended one thing but by mere [ ] clerical mistake or oversight'" did another, when the Court erroneously listed a particular defendant liable for damages to a plaintiff (quoting Wheeling Downs Race Track & Gaming Ctr. v. Kovach, 226 F.R.D. at 262).

**ANALYSIS**

The Court will change its Default Judgment's reference this Defendant to Sukhdev Singh, a/k/a Sukhdev Singh Dhaliwal, a/k/a Sukhdev Dhaliwal Singh. See Motion at 1. Rule 60(a) provides: "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). See Am. Trucking Ass'ns v. Frisco Transp. Co., 358 U.S. 133, 145 (1958)("It is axiomatic that courts have the power and the duty to correct judgments which contain clerical errors or judgments which have issued due to inadvertence or mistake."); Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv., No. CIV. 12-0069 JB/KBM, 2015 WL 5138286, at *8, n.2 (D.N.M. Aug. 26, 2015)(Browning, J.)("Rule 60(a) . . . allows the district court to correct clerical errors."). "Rule 60(a) may not be used to clarify a judgment because the original was incorrect, see Burton v. Johnson, 975 F.2d at 694, nor may it be used to change the Court's deliberate action, see McNickle v. Bankers Life & Cas. Co., 888 F.2d at 682." New Mexico Ctr. on Law & Poverty v. Squier, 131 F. Supp. 3d 1241, 1247 (D.N.M. 2014)(Browning, J.). Instead, rule 60(a) allows a court to correct "what is erroneous because the thing spoke, written or recorded is not what the person intended to speak, write or record." Allied Materials Corp. v. Superior Prods. Co., Inc., 620 F.2d 224, 226 (10th Cir. 1980). The Court will, under rule 60(a), alter its Default Judgment to refer to this Defendant as Sukhdev Singh, a/k/a Sukhdev Singh Dhaliwal, a/k/a Sukhdev Dhaliwal Singh.

**I.   UNDER RULE 60(A), THE COURT MAY CORRECT THE DEFAULT JUDGMENT, BECAUSE CHANGING THE MISNOMER DOES NOT CHANGE THE PARTY AT ISSUE.**

The Court concludes that Rule 60(a) allows the Court to "correct a misnomer . . . ." Wright & Miller, Errors Covered by Rule § 2854, 11 Fed. Prac. & Proc. Civ. See, e.g., Braun v. Ultimate Jetcharters, LLC, 828 F.3d 501, 517 (6th Cir. 2016)("Based on the above facts, it is clear that the

judgment's listing of Ultimate Jetcharters, Inc. as defendant was a simple misnomer. Affirming the district court's application of Rule 60(a) in this case therefore comports with our own Circuit's precedent . . . ."). The Tenth Circuit has never decided whether a court may use rule 60(a) to correct a misnomer. The Court concludes that, if this issue were before the Tenth Circuit, the Tenth Circuit would conclude that applying rule 60(a) to correct a misnomer is an appropriate use of the rule, because a misnomer is a clerical or ministerial error, and correcting a misnomer does not alter the party's actual identity. See Fed. R. Civ. P. 60(a). Every Court of Appeals that has addressed the issue, including the United States Courts of Appeals for the Second, Fifth, Sixth, Ninth, and Federal Circuits, has concluded that misnomer correction is a proper application of rule 60(a). See Braun v. Ultimate Jetcharters, LLC, 828 F.3d at 516; United States v. Bealey, 978 F.2d at 699 (affirming the district court's modification of an order where "[t]he result of the judgment is the same, the rationale supporting the judgment is the same, and the actual parties to the judgment are the same, although one party's pseudonyms have now been added"); Commc'ns Cap. Grp., Ltd. v. Tabb Assocs., 907 F.2d 154, at *3 (9th Cir. 1990)(unpublished table opinion)("Rule 60(a) . . . is appropriately applied to misnomers."); First Nationwide Bank v. Summer House Joint Venture, 902 F.2d 1197, 1200 (5th Cir. 1990)(holding that an "amended judgment" that "only corrected the spelling of one defendant's name (from Mar*t*ha to Mar*s*ha)" was an "immaterial change" under rule 60(a))(emphasis in original); Fluoro Elec. Corp. v. Branford Assocs., 489 F.2d 320, 326 (2d Cir. 1973)(affirming a district court's "proper[] . . . correction of a misnomer under Rule 60(a)"). See also Jeff Smith Enterprises, LLC v. BMK Eng'g, Inc., No. CIV 16-1564, 2019 WL 8012419, at *1 (E.D. Va. Jan. 24, 2019)(Grady, J.). The Court agrees with this conclusion, because allowing courts to correct misnomers comports with rule 60(a)'s purpose and does not actually change a party's identity, but, instead, allows the Court to ensure that its "purpose is fully

implemented." Burton v. Johnson, 975 F.2d at 694. Moreover, although the Tenth Circuit has not addressed directly the issue, it has implicitly approved of a defendant's concession on the matter:

> The judgment in this case is actually less specific concerning the identity of the parties than the notice of appeal because the judgment only references the defendants by "The Maurice L. Brown Co. et al." The Maurice L. Brown Co. is the corporate employer under a previous name. The district court previously had entered an order changing all references in the caption of the case to the renamed corporate employer . . . ; however, subsequent court orders incorrectly captioned the case using the old corporate name. Specifically, the judgment references the district court's memorandum and order granting plaintiff summary judgment, which names of all the defendants, but retains the old corporate name.
>
> The clerical errors contained in the judgment do not render it invalid. Defendants readily concede that "a change of name on the judgment is of no major consequence and can easily be accomplished" through Fed. R. Civ. P. 60(a).

Pratt v. Petroleum Prod. Mgmt. Inc. Emp. Sav. Plan & Tr., 920 F.2d 651, 655 (10th Cir. 1990)(quoting the record). Similarly, the Tenth Circuit, discussing a district court's order to correct a case number, explained:

> Mr. Ngo then filed a motion asking the district court to (1) correct, under . . . Civil Rule 60(a), the use of the wrong case number in the caption of Judge Leonard's order . . . .
>
> The case was reassigned to the Honorable Stephen P. Friot, who granted the motion to correct the case number that appeared in Judge Leonard's order but otherwise denied relief. Judge Friot observed that in requesting reconsideration of the jurisdictional dismissal of his purported Rule 60(b) motion, Mr. Ngo sought to change the substance of the dismissal. But that sort of relief was inappropriate under Federal Rule of Criminal Procedure 36 and Federal Rule of Civil Procedure 60(a), which are used to correct inadvertent ministerial errors.

United States v. Tuyen Vu Ngo, 700 F. App'x 806, 807-08 (10th Cir. 2017). In United States v. Tuyen Vu Ngo, therefore, the Tenth Circuit implies that correcting a case number is a "ministerial error" that rule 60(a) was created to address. 700 F. App'x 806, 807-08 (10th Cir. 2017). Similarly, the Court concludes that the Tenth Circuit would hold that misnomers represent the same type of "ministerial error." United States v. Tuyen Vu Ngo, 700 F. App'x 806, 807-08 (10th

Cir. 2017).

The Sixth Circuit and the United States District Court for the Eastern District of Virginia have held, however, that "[c]orrecting a party's name under Rule 60(a) is only appropriate if it does not change the party at issue." Jeff Smith Enterprises, LLC v. BMK Eng'g, Inc., 2019 WL 8012419, at *1. "Rule 60(a) may not be used in instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination." Braun v. Ultimate Jetcharters, LLC, 828 at 515 (6th Cir. 2016). The Tenth Circuit has clarified:

> A District Court is not limited under Rule 60(a) to the correction of clerical mistakes arising from oversight or omission. Rather, a district court may also invoke Rule 60(a) to resolve an ambiguity in its original order to more clearly reflect its contemporaneous intent and ensure that the court's purpose is fully implemented. *See Panama Processes, S.A. v. Cities Service Co.,* 789 F.2d 991, 993 (2d Cir. 1986); *McNickle v. Bankers Life and Cas. Co.,* 888 F.2d 678, 682 (10th Cir. 1989). A district court is not permitted, however, to clarify a judgment pursuant to Rule 60(a) to reflect a new and subsequent intent because it perceives its original judgment to be incorrect. *See Panama Processes,* 789 F.2d at 994-95. Rather, the interpretation must reflect the contemporaneous intent of the district court as evidenced by the record. *See Blankenship v. Royalty Holding Co.,* 202 F.2d 77, 79-81 (10th Cir. 1953).

Burton v. Johnson, 975 F.2d at 690. The Court, therefore, will employ rule 60(a) to alter a party's name in a previous order or judgment where the name change does not alter the party's identity.

**II.   THE COURT WILL CORRECT ITS DEEFAULT JUDGMENT, BECAUSE CHANGING THIS DEEFENDANT'S NAME IS THE TYPE OF IMMATERIAL CHANGE THAT RULE 60(A) WAS DESIGNED TO ADDRESS AND THE CORRECTION WILL PREVENT THIS DEFENDANT FROM AVOIDING THE DEFAULT JUDGMENT'S CONSEQUENCES.**

In United States v. Bealey, the United States Court of Appeals for the Federal Circuit addressed a situation similar to the one here. See 978 F.2d at 697; Motion at 4. There, the United States Court of International Trade had referred to the defendant as Terry L. Bealey in a dispositive order. See United States v. Bealey, 14 C.I.T. 670, 670 (1990). About thirteen months later, upon

the plaintiff's motion, the Court of International Trade modified its order "to include Bealey's pseudonyms." United States v. Bealey, 978 F.2d at 697. Thereafter, the order referred to the defendant as "Terry L. Bealey, a/k/a Terry A. Antonelli, a/k/a Tony Anthony Antonelli." 978 F.2d at 697. The defendant argued that the "modification substantially affected his rights, in that he could not have known that the original order . . . affected him in his capacity as Terry A. Antonelli, a/k/a Tony Anthony Antonelli." 978 F.2d at 698. The Honorable Helen W. Nies, who authored the Federal Circuit's opinion, explains that "the mere correction of a misnomer clearly falls within the scope of Rule 60(a)." 978 F.2d at 699. Judge Nies continues: "Such an immaterial change in the name of a party may be classified as a nunc pro tunc amendment which does not enlarge the time for filing an appeal." 978 F.2d at 699. Judge Nies emphasizes that "the addition of Bealey's other names did not alter Bealey's legal rights or obligations under the prior judgment." 978 F.2d at 699. She elaborates that, after the change, "[t]he result of the judgment is the same, the rationale supporting the judgment is the same, and the actual parties to the judgment are the same, although one party's pseudonyms have now been added." 978 F.2d at 699. Accordingly, Judge Nies concluded that the Court of International Trade had applied correctly rule 60(a) when it updated its order to add Bealey's pseudonyms. See United States v. Bealey, 978 F.2d at 699.

The Court agrees with Judge Nies' reasoning in United States v. Bealey, because a name change that does not alter a party's identity is an immaterial change and, therefore, appropriately falls under rule 60(a)'s allowance for clerical errors. See Fed. R. Civ. P. 60(a). Similarly, here, the Court concludes that it may apply rule 60(a) to correct the misnomer in the Default Judgment by adding this Defendant's pseudonyms, to reflect that the Court entered default judgment as to liability against Sukhdev Singh, a/k/a Sukhdev Singh Dhaliwal, a/k/a Sukhdev Dhaliwal Singh on January 29, 2020. See Default Judgment at 1; Motion at 1. The Court's Default Judgment refers

to this Defendant as "Sukhdev Singh Dhaliwal." Default Judgment at 1. See Motion at 3 (noting that a Sukhdev Singh Dhaliwal was listed on Sunrise Tire's business license). The Plaintiffs have brought to the Court's attention, however, that, via email, the paralegal for Mr. Rattan Dhaliwal -- this Defendant's attorney -- referred to this Defendant as "Sukhdev Dhaliwal Singh." Baker Email at 1. Later, Mr. Rattan Dhaliwal

> suggested there was no "Sukhdev Singh Dhaliwal," then equivocated over who Sunrise claims is its principal, and ultimately stated that the contention that the principal is just "Sukhdev Singh" for the first time in a March 8, 2021 document. At no point has Mr. Dhaliwal ever suggested that Defendant Singh Dhaliwal/Singh was not fully apprised of the nature of the claims against him, did not receive each pleading, and/or would have done anything different in the litigation had the claimed misnomer not existed.

Motion at 4 (no citation for quotation). This Defendant has been known by three variations of a similar name throughout this litigation. See Motion at 2-4; Baker Email at 1.[7] Changing the Default Judgment to reflect this Defendant's pseudonyms will not alter the result of the judgment, the rationale supporting the judgment, or the parties to the judgment, see United States v. Bealey, 978 F.2d at 699, or the party at issue, see Jeff Smith Enterprises, LLC v. BMK Eng'g, Inc., 2019

---

[7]The Court surmises that confusion about this Defendant's name may have arisen in part because, in the Sikh religion:

> The Sikh Gurus sought to abolish the Indian caste system that assigned value and rights to individuals based on the families they were born into. As part of the movement to end caste discrimination and promote equality among all humans, followers of Sikhism were encouraged to adopt common last names, leaving no identifiable differences between individuals from rich or poor backgrounds. Men were instructed to adopt the last name *Singh*, meaning lion, and women were encouraged to use *Kaur*, meaning princess. The use of Kaur, as opposed to adopting family names in marriage, promotes women as individuals with value and identities existing independently of their relationships with men.

Why Do So Many Sikhs Have the Last Name Singh or Kaur, We Are Sikhs, https://www.wearesikhs.org/6_why_do_so_many_sikhs_have_the_last_name_singh_or_kaur (last visited July 1, 2021)(emphasis in original).

WL 8012419, at *1. As the Court noted at the hearing, "the only issue here is the name. . . . It's the same person but it it's just not the right name . . . . We cannot get a definitive answer which one is the right name." Tr. at 20:5-9 (Court). See Fluoro Electric Corp. v. Branford Assocs., 489 F.2d at 325 (allowing a rule 60(a) change from "Branford Associates, a corporation," to "Branford Associates" when, "[t]o the plaintiff, to the trial judge, and to the jury it was plain that only one group of men had contracted with the plaintiff, a group known as Branford Associates"). Throughout the litigation, the Plaintiffs and the Court have understood which individual this Defendant is -- the owner and registered agent of Sunrise Tire -- despite the various names he is called. See Tr. at 20:5-9 (Court); Motion at 1-4. Granting the Motion, therefore, will "more clearly reflect" the Court's "contemporaneous intent and ensure that the court's purpose is fully implemented." Burton v. Johnson, 975 F.2d at 694. Accordingly, the Court will grant the Motion, because "the mere correction of a misnomer clearly falls within the scope of Rule 60(a)," and the Court will update the Default Judgment to refer to this Defendant as Sukhdev Singh, a/k/a Sukhdev Singh Dhaliwal, a/k/a Sukhdev Dhaliwal Singh. 978 F.2d at 699.

**IT IS ORDERED** that the Plaintiffs' Rule 60(a) Motion to Correct Mistake in Default Judgment, filed May 14, 2021 (Doc. 112), is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Mark T. Baker
Elizabeth Radosevich
Matthew Beck
Peifer, Hanson, Mullins & Baker, P.A.
Albuquerque, New Mexico

 *Attorneys for the Plaintiffs*

Rattan Dev Singh Dhaliwal
Dhaliwal Law Group, Inc.
Santa Clara, California

 *Attorneys for Defendants Sunrise Tire and Lube Service, Inc. and Sukhdev Singh Dhaliwal*

Brian J. Fisher
David C. Larsen
Mayer LLP
Albuquerque, New Mexico

 *Attorneys for Defendant Gilbert Tan d/b/a/ GMT Trucking*

Raul P. Sedillo
Butt, Thornton & Baehr, PC
Albuquerque, New Mexico

 *Attorneys for Defendant Har-Sukh Corp., Inc.*

R D Lohbeck
Sandia Park, New Mexico

 *Attorney for Defendants Sam Sandhu, Jasvir Singh, Rajinder Singh Bassi, and Teri-OAT, LLC*

Lance Dean Richards
Lauren Wilber
Civerolo, Gralow, & Hill P.A.
Albuquerque, New Mexico

 *Attorneys for Defendants Goodwill Trucking, LLC, and Gurpreet Such*