IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KRISTINA MARTINEZ, *in her capacity as the
Personal Representative of the Wrongful Death
Estate of Barbara Granger*, and SCOTT
GRANGER,

    Plaintiffs,

vs.                                                                                              No. CIV 19-0994 JB/JHR

DART TRANS, INC.; GILBERT TAN D/B/A
GMT TRUCKING; SUNRISE TIRE AND
LUBE SERVICE, INC.; HAR-SUKH CORP.
INC.; SAM SANDHU; JASVIR SINGH;
RAJINDER SINGH BASSI; SUKHDEV
SINGH DHALIWAL; TERI-OAT, LLC; JOHN
DOE 1; JOHN DOE 2; GOODWILL
TRUCKING, LLC and GURPREET SUCH,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    **THIS MATTER** comes before the Court on the Plaintiffs' Motion in Limine to Exclude Defendants' Evidence Related to Liability or Settlement, filed May 19, 2021 (Doc. 113)("Motion"). The Court held a hearing on June 18, 2021. See Clerk's Minutes at 1, filed July 1, 2021 (Doc. 127). The primary issues are: (i) whether the Court should exclude in limine evidence, testimony, or argument related to the Defendants' -- Sunrise Tire and Lube Service, Inc., and Sukhdev Singh, a/k/a Sukhdev Singh Dhaliwal, a/k/a Sukhdev Dhaliwal Singh -- liability, where the Court granted already Default Judgment as to liability; and (ii) whether the Court should exclude in limine evidence, testimony or argument related to the settlement and settlement negotiations between the Plaintiffs and the Defendants' co-Defendants, where co-Defendants Dart Trans, Inc., Gilbert Tan, GMT Trucking, Sam Sandhu, Jasvir Singh, Goodwill Trucking, LLC, and

Gurpreet Such (the "Dismissed Defendants"), have settled with the Plaintiffs. The Court will: (i) exclude the liability evidence, pursuant to rules 401 and 403 of the Federal Rules of Evidence, because the Court decided already the issue of liability in the Default Judgment, and, therefore, evidence of liability is irrelevant and would confuse the issues at trial; and (ii) exclude the settlement evidence, pursuant to rule 408 of the Federal Rules of Evidence, because the possibility of jury confusion resulting from admitting such evidence would outweigh any potential evidentiary value. Accordingly, the Court grants the Motion.

## FACTUAL BACKGROUND

The Court takes its facts from the Plaintiffs' Complaint for Personal Injury, Wrongful Death, and Loss of Consortium ¶¶ 1-90, at 1-17, filed October 24, 2019 (Doc. 1-1). "Plaintiff Scott Granger is a resident and citizen of Crawford County, Pennsylvania." Complaint ¶ 10, at 3. B. Granger and S. Granger were "married 27 years." Complaint ¶ 4, at 2. "Sukhdev Singh Dhaliwal is listed as the owner of American Tire and Truck Repair with the business license division of San Joaquin County, California." Complaint ¶ 15, at 4. Dhaliwal "is a resident of San Joaquin County, State of California, and a citizen of California." Complaint ¶ 15, at 4. Sunrise Tire "is a California corporation incorporated in March 2017." Complaint ¶ 16, at 4. "Sunrise Tire's principal place of business is located in San Joaquin County, California." Complaint ¶ 16, at 4. Dhaliwal "is Sunrise Tire's Chief Executive Officer and registered agent." Complaint ¶ 17, at 4. Dhaliwal "exercised control over, was an agent, or was a managing agent of the business operating as American Tire and Truck Repair during the times relevant to this complaint." Complaint ¶ 17, at 4.

Defendant Dart Trans., Inc., "was the owner and motor carrier operating the tractor-trailer Gilbert Tan was driving during all times relevant to this case." Complaint ¶ 29, at 6. "In July

2018, Dart allowed the mechanic shop operating as, among other business names, American Tire and Truck Repair, to perform work on the Dart tractor-trailer that Tan operated." Complaint ¶ 30, at 6. "Sunrise Tire and Lube Service, Inc. . . . [and] Sukhdev Singh Dhaliwal were responsible for the operations, hiring, maintenance, and work American Tire and Truck Repair provided." Complaint ¶ 30, at 6. "[T]he work on the Dart trailer's axle created a dangerous condition such that it only was a matter of time before the wheel fasteners for the rear driver's side axle on the trailer fell off, allowing the wheels to detach from the tractor-trailer." Complaint ¶ 34, at 7.

B. Granger and S. Granger "were traveling the country celebrating Scott's recent recovery from cancer," when B. Granger died in an accident. Complaint ¶ 4, at 2. "As the Dart tractor-trailer was driving east on Interstate 40 in the area of mile marker 212, two wheels from the driver's side rear axle detached from the Dart trailer." Complaint ¶ 35, at 7. One wheel "skated up an embankment, through a barbed wire fence, and traveled another 100 feet before it came to rest; the other crossed the center median of the interstate." Complaint ¶ 35, at 7. "When the wheels detached from the Dart tractor-trailer, Scott Granger and his wife were both on their motorcycles traveling west in the inside lane of travel." Complaint ¶ 36, at 7. "Barbara was in front of Scott." Complaint ¶ 36, at 7. "Scott suddenly saw the Dart wheel cross the median and hit Barbara." Complaint ¶ 36, at 7. "The force of the wheel striking Barbara pushed her into the outside lane of travel, where the Goodwill Trucking tractor-trailer hit her, throwing her motorcycle off the roadway." Complaint ¶ 37, at 8. B. Granger "became entangled in the Goodwill Trucking tractor-trailer's undercarriage." Complaint ¶ 38, at 8. "The tractor-trailer dragged her until" Defendant Gurpreet "Such finally brought it to a stop at a location . . . approximately .5 mile from the point that he first hit her." Complaint ¶ 38, at 8.

S. Granger "was on his motorcycle traveling just behind Barbara and saw the wheel from

the Dart tractor-trailer hit her before she disappeared under the Goodwill Trucking tractor-trailer." Complaint ¶ 3, at 2. "After seeing the wheel from the Dart tractor-trailer hit Barbara, Scott immediately stopped and began searching for her." Complaint ¶ 39, at 8. S. Granger "found where her motorcycle came to rest off the interstate and frantically looked for" B. Granger. Complaint ¶ 39, at 8. "Another driver stopped, pointed out to Scott the Goodwill Trucking tractor-trailer parked down the road, and gave Scott a ride to where it was parked." Complaint ¶ 39, at 8. "Scott found Barbara there still entangled in the undercarriage." Complaint ¶ 39, at 8. B. Granger "died at the scene from . . . injuries she suffered during the crash." Complaint ¶ 40, at 8.

"The Dart tractor-trailer pull[ed] over and stop[ped] after throwing its rear trailer wheels." Complaint ¶ 41, at 8. "[L]aw enforcement found fluid that leaked from the rear trailer axle pooled at the same location the tractor-trailer was seen temporarily stopped." Complaint ¶ 41, at 8. "State law enforcement issued citations based on the Dart tractor-trailer's stripped and missing wheel fasteners for the lost wheels and further documented that the axle was damaged and leaking fluid." Complaint ¶ 42, at 8. "Plaintiff Kristina Martinez was appointed Personal Representative of the Wrongful Death Estate of Barbara Granger" on February 18, 2019. Complaint ¶ 9, at 3. "Martinez is a resident of Santa Fe County, State of New Mexico." Complaint ¶ 9, at 3.

## PROCEDURAL BACKGROUND

The Plaintiffs filed the Complaint in the County of Santa Fe First Judicial District Court, State of New Mexico, on August 8, 2019. See Complaint at 1. Defendant Goodwill Trucking, LLC, a Defendant no longer involved in this case, see Stipulated Order of Partial Dismissal with Prejudice, filed March 23, 2021 (Doc. 108), removed the case to federal court, see Notice of Removal, filed October 24, 2019 (Doc. 1). When Defendants Sunrise Tire and Sukhdev Singh Dhaliwal did not file an answer with the Court, the Clerk of the Court entered default, see Clerk's

Entry of Default at 1, filed December 6, 2019 (Doc. 12)("Sunrise Default Entry"); Clerk's Entry of Default at 1, filed December 11, 2019 (Doc. 19)("Dhaliwal Default Entry"), and, later, the Court entered default judgment, see Default Judgment at 1-2. The Plaintiffs now ask the Court to correct its Default Judgment to reflect this Defendant's pseudonyms. See Motion at 1-5.

    **1.**     **The Complaint.**

Counts III, VI, and VII of the Complaint relate to Sunrise Tire and Dhaliwal. See Complaint ¶¶ 61-65, at 11-12 (discussing Count III: Negligence); id. ¶¶ 83-86, at 15 (discussing Count VI: Negligent Infliction of Emotional Distress); id. ¶¶ 87-90, at 16 (discussing Count VII: Loss of Consortium). The Plaintiffs allege that Sunrise Tire and Dhaliwal, as well as other Defendants who have since been dismissed from this case, were negligent, explaining that they

> owed the plaintiffs a duty to operate the tire and mechanic shop doing business as, among other names, American Tire and Truck Repair, with reasonable care. That includes using reasonable care to ensure that services on all vehicles, and commercial tractor-trailers in particular, were performed with the care a reasonably prudent person would exercise to prevent injury to others, including the traveling public. The care necessary to satisfy that duty in performing work on commercial tractor-trailers increased commensurate with the risk of catastrophic harm commercial tractor-trailers pose to others on the roadway.

Complaint ¶¶ 61-62, at 11-12. The Plaintiffs allege that they "breached their duties, including through negligence in doing work directly or through agents on the Dart tractor-trailer Tan operated at the time of Barbara Granger's death." Complaint ¶ 63, at 12. The Plaintiffs contend that the "breach was a direct and proximate cause of Barbara Granger's injuries and death." Complaint ¶ 64, at 12. The Plaintiffs assert that the "actions and omissions were reckless, willful, and wanton." Complaint ¶ 65, at 12.

The Plaintiffs then contend that all of the Defendants imposed negligent infliction of emotional distress on S. Granger. See Complaint ¶ 86, at 15. The Plaintiffs note that S. Granger

"had a close family relationship with his wife," B. Granger. Complaint ¶ 86, at 15. The Plaintiffs state: "As a result of seeing his wife needlessly killed, Scott suffered severe emotional distress." Complaint ¶ 85, at 15. The Plaintiffs allege that "the defendants' negligence was a cause of Barbara's injuries and death." Complaint ¶ 86, at 15.

Last, the Plaintiffs discuss their loss-of-consortium claim. See Complaint ¶¶ 87-90, at 16. The Plaintiffs explain that B. Granger and S. Granger had "an intimate familial relationship" in which "[t]hey were mutually dependent on each other . . . ." Complaint ¶ 88, at 16. As a result, the Plaintiffs allege that S. Granger "cannot enjoy life in the same way now that the defendants severed his relationship with her." Complaint ¶ 88, at 16. The Plaintiffs conclude that "the defendants' conduct has forever deprived Scott of Barbara's affection, society, and companionship." Complaint ¶ 90, at 16. The Plaintiffs ask the Court for a judgment against the Defendants for

> damages to the full extent permitted by law, including compensatory and punitive damages, pre-judgment and post-judgment interest at the legal rate, for their costs, and for such other and further relief to which they may be entitled under the facts and circumstances. The plaintiffs' compensatory damages for the wrongful death of Barbara Granger include, but are not limited to: (1) the pain and suffering Barbara experienced; (2) Barbara's lost earning capacity and the value of her household services; (3) the value of Barbara's life apart from her earning capacity; (4) the reasonable expenses of necessary medical care and treatment and funeral and burial; (5) the aggravating circumstances attending the defendants' wrongful act, neglect, or default; and (6) the loss to the beneficiaries of other expected benefits that have a monetary value. Plaintiff Scott Granger additionally should recover compensatory damages for the loss of society, guidance, and companionship of Barbara Granger and the emotional distress he suffered as a result of witnessing her death.

Complaint at 16 (no paragraph numbering).

### 2. The Clerk's Entries of Default.

On December 6, 2019, Mitchell R. Elfers, the Clerk of the United States District Court for

the District of New Mexico, "enter[ed] default judgment against Sunrise Tire and Lube Service, Inc." Sunrise Default Entry at 1. The Default Entry noted that Sunrise Tire, "against whom judgment for affirmative relief is sought in this action, has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure." Sunrise Default Entry at 1. The Clerk, therefore, entered default against Sunrise Tire pursuant to rule 55(a) of the Federal Rules of Civil Procedure. See Default Entry at 1. For the same reasons, the Clerk entered default against Dhaliwal on December 11, 2019. See Dhaliwal Default Entry at 1.

### 3. The Motion for Default Judgment.

On December 16, 2019, the Plaintiffs asked the Court to "enter a default judgment on liability against Sunrise Tire" and Dhaliwal. Plaintiffs' Motion for Entry of Default Judgment Against Sunrise Tire and Lube Service, Ind., Har-Sukh Corp., Inc., Terri-Oat, LLC, Rajinder Singh Bassi, and Sukhdev Singh Dhaliwal at 1, filed December 16, 2019 (Doc. 20)("Motion for Default Judgment"). The Plaintiffs noted that, "[a]lthough they have not appeared personally or by a representative, Plaintiffs provided these defendants and the California law firm that has indicated that it represents them a copy of the motion for default." Motion for Default Judgment ¶ 3, at 2. The Plaintiffs therefore asked the Court to "enter a default judgment against these defendants and schedule a damages hearing to follow." Motion for Default Judgment ¶ 6, at 2.

### 4. The Default Judgment.

The Court held a hearing on the Motion for Default Judgment on January 22, 2020. See Clerk's Minutes at 1, filed January 22, 2020 (Doc. 34). When the Court held a hearing on the Motion for Default Judgment, neither Sunrise Tire nor Dhaliwal attended the hearing. See Default Judgment at 1. Mr. Rattan Dhaliwal has appeared on Sunrise Tire's behalf in this case, but he is

not an attorney of record on Case Management/Electronic Case Files ("CM/ECF").[1]  See Staff Notes (dated January 7, 2021), Docket Text ("Tried to call Mr. Dhaliwal with no success.  Emailed him in re to not being admitted to our court with attached instructions for Associating and a Petition for Admission.").[2]  On January 29, 2020, the Court granted the Plaintiffs' request for default judgment as to Sunrise Tire and "Sukhdev Singh Dhaliwal."  Default Judgment at 2.  The Court explained that, although it would enter judgment regarding liability "against these Defendants and in favor of Plaintiffs," the "amount of damages to be awarded to Plaintiffs against these Defendants should be reserved for subsequent determination by the Court."  Default Judgment at 2.

5. **The Motion.**

The Plaintiffs ask the Court to "exclude evidence testimony, or argument from Defendants that relates to their liability or to Plaintiffs' settlement with other Defendants."  Motion at 1.  The Plaintiffs argue that, under rules 401 and 402, the Court may only admit relevant evidence.  See Motion at 3.  They contend that liability evidence is irrelevant, because the Defendants' liability was established in the Default Judgment.  See Motion at 3.  The Plaintiffs continue that, under rule 403, the Court should exclude liability evidence even if it is relevant because it could confuse the jury.  See Motion at 3.  Similarly, the Plaintiffs contend that any settlement evidence is irrelevant.  See Motion at 3.  The Plaintiffs continue that, even if the settlement evidence is relevant, the Court

---

[1] CM/ECF "is the federal Judiciary's system that allows case documents, such as pleadings, motions, and petitions, to be filed with the court online. CM/ECF is most often used by attorneys in cases, U.S. Trustees, and bankruptcy trustees. Some courts permit bankruptcy claimants and pro se litigants to file using CM/ECF."  Electronic Filing (CM/ECF), United States Courts, https://www.uscourts.gov/court-records/electronic-filing-cmecf (last visited July 3, 2021).

[2] To date, Mr. Rattan Dhaliwal has not complied with the requirements to be admitted to the District of New Mexico.

should exclude it under rule 408.  See Motion at 4.  The Plaintiffs conclude that introducing this evidence would prejudice them.  See Motion at 4.

    **6.**    **The Hearing.**

The Court held a hearing on June 18, 2021.  See Clerk's Minutes at 1, filed July 1, 2021 (Doc. 127).  The Plaintiffs reiterated their request to exclude liability evidence and settlement evidence at the Pretrial Conference.  See Draft Transcript of Hearing at 21:22-22:8 (taken June 18, 2021)(Beck)("Tr.").[3]  The Court explained:

> As far as liability, the Defendants are not allowed to contest liability. . . . But, I know the Plaintiffs are going to put on some to explain the damages request. . . . Their defense is that they changed the tires on the right side, and the tires came off on the left side or something like that. . . . That is not going to come in. . . . The Defendants do not get to contest liability, but there may be some other things that, as the Plaintiffs are explaining the case, the Defendants may get to put in some evidence to try to give the jury a more robust picture of damages.

Tr. at 22:12-23:5 (Court).  The Court stated that it would grant the Motion.  See Tr. at 23:8-11 (Court).

## LAW REGARDING THE RELEVANCY OF EVIDENCE

"The rules of evidence contemplate the admission of relevant evidence, and the exclusion of irrelevant and potentially prejudicial evidence."  Train v. City of Albuquerque, 629 F. Supp. 2d 1243, 1247 (D.N.M. 2009)(Browning, J.)(citing Fed. R. Evid. 401, 402, 403).  "Relevant evidence is evidence that has a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  United States v. Gutierrez-Castro, 2011 U.S. Dist. LEXIS 88440, at *3 (D.N.M. 2011)(Browning, J.)(citing Fed. R. Evid. 401)("Evidence is relevant if: (a) it has any tendency to make a fact more

---

[3]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."). "The standard for relevancy is particularly loose under rule 401, because '[a]ny more stringent requirement is unworkable and unrealistic.'" United States v. Ganadonegro, 854 F. Supp. 2d 1088, 1127 (D.N.M. 2012)(Browning, J.)(quoting Fed. R. Evid. 401 advisory committee's note). Irrelevant evidence, or that evidence which does not make a fact of consequence more or less probable, however, is inadmissible. See Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").

### LAW REGARDING RULE 403

Rule 403 provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Under rule 403, the trial court must weigh the proffered evidence's probative value against its potential for unfair prejudice. See United States v. Record, 873 F.2d 1363, 1375 (10th Cir. 1989). "[I]t is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter [under rule 403]." United States v. Pettigrew, 468 F.3d 626, 638 (10th Cir. 2006)(quoting United States v. Sides, 944 F.2d 1554, 1563 (10th Cir. 1991)). The United States Court of Appeals for the Tenth Circuit has reminded district courts that they should be "mindful" that "exclusion of evidence under Rule 403 that is otherwise admissible under the other rules is an extraordinary remedy and should be used sparingly." United States v. Smalls, 605 F.3d 765, 787 (10th Cir. 2010).

The decision to admit or exclude evidence pursuant to rule 403 is within the trial court's discretion, see United States v. Lugo, 170 F.3d 996, 1005 (10th Cir. 1999), and the trial court's discretion to balance possible unfair prejudice against probative value is broad, see United States

v. Bice-Bey, 701 F.2d 1086, 1089 (4th Cir. 1983); United States v. Masters, 622 F.2d 83, 87-88 (4th Cir. 1980). The Supreme Court of the United States has noted:

> In deference to a district court's familiarity with the details of the case and its greater experience in evidentiary matters, courts of appeals afford broad discretion to a district court's evidentiary rulings . . . . This is particularly true with respect to Rule 403 since it requires an "on-the-spot balancing of probative value and prejudice, potentially to exclude as unduly prejudicial some evidence that already has been found to be factually relevant."

Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 384 (2008)(quoting 1 Steven Alan Childress & Martha S. Davis, Fed. Standards of Review § 4.02, at 4-16 (3d ed. 1999)). See United States v. Abel, 469 U.S. 45, 54 (1984)("Assessing the probative value of [proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403 . . . .").

Evidence may be unfairly prejudicial if it would likely provoke an emotional response from the jury or would otherwise tend to adversely affect the jury's attitude toward a particular matter. See United States v. Rodriguez, 192 F.3d 946, 951 (10th Cir. 1999). Evidence is not unfairly prejudicial merely because it damages a party's case. See United States v. Caraway, 534 F.3d 1290, 1301 (10th Cir. 2008); United States v. Curtis, 344 F.3d 1057, 1067 (10th Cir. 2003); United States v. Martinez, 938 F.2d 1078, 1082 (10th Cir. 1991). Rather, "[t]o be unfairly prejudicial, the evidence must have 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" United States v. Caraway, 534 F.3d at 1301 (quoting Fed. R. Evid. 403 advisory committee note).

## **ANALYSIS**

The Court will grant the Motion in Limine. First, the Court will not admit evidence from the Defendants of liability, because the Court decided already the issue of liability in the Default

Judgment, and, therefore, evidence of liability is irrelevant and would confuse the issues at trial. See Default Judgment at 1-2. See also Fed. R. Evid. 401, 403. Second, the Court will exclude all evidence related to settlement negotiations under rule 408 of the Federal Rules of Evidence. See Fed. R. Evid. 408. The Court concludes that the possibility of jury confusion resulting from admitting such evidence would outweigh its potential evidentiary value. See Leon v. Fedex Ground Package Sys., Inc., 163 F. Supp. 3d 1050, 1069 (D.N.M. 2016)(Browning, J.)("Leon"). For these reasons, the Court will exclude in limine: (i) evidence, testimony, or argument related to the Defendants' liability; and (ii) evidence, testimony or argument related to settlement and settlement negotiations with any of the Dismissed Defendants.

I. **THE COURT WILL NOT ADMIT EVIDENCE FROM THE DEFENDANTS REGARDING LIABILITY, BECAUSE THE COURT ENTERED DEFAULT JUDGMENT AS TO LIABILITY.**

In the Default Judgment, the Court clarified that, although it would enter judgment regarding liability "against these Defendants and in favor of Plaintiffs," the "amount of damages to be awarded to Plaintiffs against these Defendants should be reserved for subsequent determination by the Court." Default Judgment at 2. Relevant evidence is generally admissible, but "irrelevant evidence is not admissible." Fed. R. Evid. 402. "Relevant evidence is evidence that has a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." United States v. Shirley, 214 F. Supp. 3d 1124, 1143 (D.N.M. 2016)(Browning, J.). See Fed. R. Evid. 401. Because the Court has entered default judgment against the Defendants, the only facts of consequence at trial are those that relate to Plaintiffs' damages, and evidence of liability is irrelevant. See Default Judgment at 1. Accordingly, evidence of liability is inadmissible. See Fed. R. Evid. 402.

Moreover, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "A district court is accorded a wide discretion in determining the admissibility of evidence under the Federal Rules. Assessing the probative value of the proffered evidence, and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403 . . . ." United States v. Abel, 469 U.S. 45, 54 (1984). The Court concludes that, even if the Defendants' liability evidence were relevant, it would confuse the issues, mislead the jury, and waste time, because liability is not at issue. Admitting liability evidence would mislead the jury, because it could lead the jury to consider whether the Defendants are liable in this case, although their liability has already been established. See Default Judgment at 1. Moreover, because the Defendants' liability has been established, it would waste time to allow the Defendants to put on liability evidence. See Specht v. Jensen, 853 F.2d 805, 814 (10th Cir. 1988)(noting that a district court may exclude evidence under rule 403 where the evidence "wastes time," because evidence that wastes time "does not convey information which is in a form useful to the jury").

> As the Court explained at the hearing:
>
> > As far as liability, the Defendants are not allowed to contest liability. . . . But, I know the Plaintiffs are going to put on some to explain the damages request. . . . Their defense is that they changed the tires on the right side, and the tires came off on the left side or something like that. . . . That is not going to come in. . . . The Defendants do not get to contest liability, but there may be some other things that, as the Plaintiffs are explaining the case, the Defendants may get to put in some evidence to try to give the jury a more robust picture of damages.
>
> Tr. at 22:12-23:5 (Court). In sum, because the Defendants' liability is already established judicially via the Default Judgment, the Court will exclude in limine any evidence, testimony, or

argument related to liability.

## II. PURSUAN TO RULE 408, THE COURT WILL NOT ADMIT EVIDENCE OF THE PLAINTIFFS' SETTLEMENT OR SETTLEMENT NEGOTIATIONS WITH THE DISMISSED DEFENDANTS.

Rule 408 bars the admission of settlements "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408. Settlement agreements may be admissible "for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." Fed. R. Evid. 408. "Settlement evidence is not, however, automatically admissible because a party offers it for 'another purpose' under rule 408." Leon, 163 F. Supp. 3d at 1069 (quoting Fed. R. Evid. 408). Accord Sec. & Exch. Comm'n v. Goldstone, 317 F.R.D. 147, 165 (D.N.M. 2016)(Browning, J.)(same). Here, the Court will not admit any evidence of the Plaintiffs' settlements with the dismissed co-Defendants, because "admission would be prejudicial and the Court can use other measures to avoid or minimize jury confusion." Leon, 163 F. Supp. 3d at 1069. See United States v. Alexander, 849 F.2d 1293, 1303 (10th Cir. 1988)("The district court properly found that the settlement agreement did not support the *purpose* for which Alexander was offering it and that the potential for jury confusion outweighed the settlement's evidentiary value.")(emphasis in original). See also U.S. Aviation Underwriters, Inc. v. Olympia Wings, Inc., 896 F.2d 949, 956 (5th Cir. 1990)("The district court has broad discretion in determining whether to admit evidence of settlement for another purpose and we will not disturb that decision lightly.").

In Leon, the Court addressed a similar situation to the one at issue here. See 163 F. Supp. 3d at 1069. There, as here, the plaintiff brought a wrongful death action following a tractor trailer accident that killed her husband. See 163 F. Supp. 3d at 1055. The plaintiff sued two truck drivers

and FedEx Ground. See 163 F. Supp. 3d at 1055. The plaintiff settled with the two drivers, but went to trial against FedEx Ground. See 163 F. Supp. 3d at 1069. Before trial, the plaintiff moved to exclude the settlement evidence. See 163 F. Supp. 3d at 1069. FedEx Ground argued that the Court should admit the evidence, because it contended that the settlement evidence's absence would confuse the jury. See 163 F. Supp. 3d at 1069. The Court disagreed and excluded the settlement evidence, because "[i]nforming jurors that" the two drivers, "Puckett and Payne, settled could cause them to unfairly decrease FedEx Ground's share of the liability." 163 F. Supp. 3d at 1070. The Court elaborated:

> The jurors should make their decision based on the evidence they see and hear in the case, and they should not use the existence [of settlement agreements] as a crutch to support their decision. They may rely too heavily on the settlement to explain why Puckett and Payne are not in the case. They might also speculate as to the settlement's amount and what percentage of fault they should attribute to the absent defendants. The jurors should rely on their judgment and make an independent decision for that determination.

163 F. Supp. 3d at 1070. Cf. Sec. & Exch. Comm'n v. Goldstone, 317 F.R.D. at 167 (excluding settlement evidence because "[a] jury confronted with technical and often confusing accounting terminology may be particularly tempted to reason that, because one co-Defendant settled, all three must have committed the alleged wrongs"). The Court concluded that jury instructions could be used to assuage any jury confusion regarding the absent defendants. See 163 F. Supp. 3d at 1070.

Similarly, here, evidence that the co-Defendants settled could cause the jury to unfairly decrease the Defendants' share of the liability. See Leon, 163 F. Supp. 3d at 1070. It also could cause the jury to speculate about the settlements' amount. See Leon, 163 F. Supp. 3d at 1070. Instead of worrying about settlement evidence, the "jurors should make their decision based on the evidence they see and hear in the case." Sec. & Exch. Comm'n v. Goldstone, 317 F.R.D. at 167. The potential for jury confusion in this case outweighs any possible value of settlement

evidence.  See United States v. Alexander, 849 F.2d at 1303.   The Court, therefore, will exclude in limine all evidence, testimony, or argument related to settlements or settlement negotiations with any co-Defendants during the trial.  See Tr. at 22:9-11 (Court)(explaining that "settlement evidence shouldn't come into this trial").

**IT IS ORDERED** that the Plaintiffs' Motion in Limine to Exclude Defendants' Evidence Related to Liability or Settlement, filed May 19, 2021 (Doc. 113), is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Mark T. Baker
Matthew Beck
Elizabeth Radosevich
Peifer, Hanson, Mullins & Baker, P.A.
Albuquerque, New Mexico

    *Attorneys for the Plaintiffs*

Rattan Dev Singh Dhaliwal
Dhaliwal Law Group, Inc.
Santa Clara, California

    *Attorneys for Defendant Sunrise Tire and Lube Service, Inc.*

Brian J. Fisher
David C. Larsen
Mayer LLP
Albuquerque, New Mexico

    *Attorneys for Defendant Gilbert Tan d/b/a/ GMT Trucking*

Raul P Sedillo
Butt, Thornton & Baehr, PC
Albuquerque, New Mexico

>*Attorneys for Defendant Har-Sukh Corp., Inc.*

R D Lohbeck
Sandia Park, New Mexico

>*Attorney for Defendants Sam Sandhu, Jasvir Singh, Rajinder Singh Bassi, and Teri-OAT, LLC*

Lance Dean Richards
Lauren Wilber
Civerolo, Gralow, & Hill P.A.
Albuquerque, New Mexico

>*Attorneys for Defendants Goodwill Trucking, LLC and Gurpreet Such*