FILED

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUL 07 2021

MITCHELL R. ELFERS
CLERK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

KRISTINA MARTINEZ, in her Capacity
as the Personal Representative of the
Wrongful Death Estate of BARBARA
GRANGER, and SCOTT GRANGER,
individually,

        Plaintiffs,

vs.                                                                 No. CIV 19-0994 JB/JHR

DART TRANS, INC., GILBERT TAN d/b/a
GMT TRUCKING, SUNRISE TIRE AND
LUBE SERVICE, INC., SAM SANDHU,
JASVIR SINGH, SUKHDEV SINGH
DHALIWAL, JOHN DOE 1, JOHN DOE 2,
GOODWILL TRUCKING, LLC, and
GURPREET SUCH,

        Defendants.

## THE COURT'S FINAL JURY INSTRUCTIONS
(with citations)

JURY INSTRUCTION NO. 1

MEMBERS OF THE JURY:

You have now heard all of the evidence in this case. The time has now come to give you final instructions that guide your deliberations as the sole judge of the facts of this case.

It becomes my duty, therefore, to state and instruct you on the rules of law governing the case that you must follow and apply in arriving at your decision in the case.

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to determine what evidence is relevant under the law for your consideration.

Please pay close attention to these instructions. I will read them only once, but the written instructions will be given to you to take to the jury room.

**PLAINTIFFS' PROPOSED TRIAL AND FINAL JURY INSTRUCTIONS,** NO. 1, at 1, filed June 29, 2021 (Doc. 124)

Leon v. Fedex Ground Package System, Inc., No. CIV 13-1005 JB/SCY, Court's Final Jury Instructions, JURY INSTRUCTION NO. 1 (D.N.M. Feb. 26, 2016)(Doc. 220)(Browning, J.)

UJI 13-301 NMRA

Judge Parker's Gen. 1

JURY INSTRUCTION NO. 2

The law of this case is contained in these instructions and it is your duty to follow them.

You must consider these instructions as a whole, not picking out one instruction, or parts thereof,

and disregarding others.

**PLAINTIFF'S PROPOSED TRIAL AND FINAL JURY INSTRUCTIONS NO. 2**, at 7, filed
June 29, 2021 (Doc. 124)

Leon v. Fedex Ground Package System, Inc., No. CIV 13-1005 JB/SCY Court's Final Jury
Instructions, Jury Instruction No. 2 (D.N.M. Feb. 26, 2016)(Doc. No. 220)(Browning, J.)

UJI 13-2002

JURY INSTRUCTION NO. 3

You are the sole judges of all disputed questions of fact in this case. It is your duty to determine the true facts from the evidence produced here in open court. Your verdict should not be based on speculation, guess or conjecture.

You are to apply the law, as stated in these instructions, to the facts as you find them and, in this way, decide the case. Neither sympathy nor prejudice should influence your verdict.

**PLAINTIFF'S PROPOSED TRIAL AND FINAL JURY INSTRUCTIONS NO. 3**, at 7, filed June 29, 2021 (Doc. 124)

Leon v. Fedex Ground Package System, Inc., No. CIV 13-1005 JB/SCY Court's Final Jury Instructions, Jury Instruction No. 3 (D.N.M. Feb. 26, 2016)(Doc. No. 220)(Browning, J.)

UJI 13-2005

JURY INSTRUCTION NO. 4

This case should be considered and decided by you as an action between parties of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law, and are to be dealt with as equals in a court of justice.

**PLAINTIFF'S PROPOSED TRIAL AND FINAL JURY INSTRUCTIONS NO. 4**, at 8, filed June 29, 2021 (Doc. 124)

Leon v. Fedex Ground Package System, Inc., No. CIV 13-1005 JB/SCY Court's Final Jury Instructions, Jury Instruction No. 4 (D.N.M. Feb. 26, 2016)(Doc. No. 220)(Browning, J.)

Judge Parker's Gen. 3

JURY INSTRUCTION NO. 5

Defendant Sunrise Tire and Lube Service, Inc. is a corporation.  A corporation is entitled to the same fair and unprejudiced treatment as an individual and you should decide the case with the same impartiality as you would use in deciding a case between individuals.

Leon v. Fedex Ground Package System, Inc., No. CIV 13-1005 JB/SCY, Court's Final Jury Instructions, JURY INSTRUCTION NO. 5 (D.N.M. Feb. 26, 2016)(Doc. 220)(Browning, J.)

UJI 13-114 NMRA

JURY INSTRUCTION NO. 6

The evidence which you are to consider in this case consists of the testimony of the witnesses and the exhibits admitted into evidence by the court and any facts which the court instructs you to accept as true.

**PLAINTIFF'S PROPOSED TRIAL AND FINAL JURY INSTRUCTIONS NO. 5**, at 9, filed June 29, 2021 (Doc. 124)(modified)

Leon v. Fedex Ground Package System, Inc., No. CIV 13-1005 JB/SCY Court's Final Jury Instructions, Jury Instruction No. 6 (D.N.M. Feb. 26, 2016)(Doc. No. 220)(Browning, J.)(modified)

UJI 13-307

JURY INSTRUCTION NO. 7

A fact may be proved by circumstantial evidence. Circumstantial evidence consists of proof of facts or circumstances which give rise to a reasonable inference of the truth of the fact sought to be proved.

**PLAINTIFF'S PROPOSED TRIAL AND FINAL JURY INSTRUCTIONS NO. 6**, at 10, filed June 29, 2021 (Doc. 124)

Leon v. Fedex Ground Package System, Inc., No. CIV 13-1005 JB/SCY Court's Final Jury Instructions, Jury Instruction No. 7 (D.N.M. Feb. 26, 2016)(Doc. No. 220)(Browning, J.)(modified)

UJI 13-308

JURY INSTRUCTION NO. 8

You alone are the judges of the credibility of the witnesses and of the weight to be given to the testimony of each of them. In determining the credit to be given to the testimony of any witness, you may take into account the witness's ability and opportunity to observe, the witness's memory, the witness's manner while testifying, any interest, bias or prejudice that the witness may have and the reasonableness of the testimony, considered in light of all the evidence of the case.

**PLAINTIFF'S PROPOSED TRIAL AND FINAL JURY INSTRUCTIONS NO. 7**, at 11, filed June 29, 2021 (Doc. 124)(modified)

Leon v. Fedex Ground Package System, Inc., No. CIV 13-1005 JB/SCY Court's Final Jury Instructions, Jury Instruction No. 8 (D.N.M. Feb. 26, 2016)(Doc. No. 220)(Browning, J.)(modified)

UJI 13-2003

JURY INSTRUCTION NO. 9

A deposition is testimony taken under oath before trial and has been preserved in writing or by video. This testimony is entitled to the same consideration as any other testimony at this trial.

**PLAINTIFF'S PROPOSED TRIAL AND FINAL JURY INSTRUCTIONS NO. 8**, at 12, filed June 29, 2021 (Doc. 124)

Leon v. Fedex Ground Package System, Inc., No. CIV 13-1005 JB/SCY Court's Final Jury Instructions, Jury Instruction No. 9 (D.N.M. Feb. 26, 2016)(Doc. No. 220)(Browning, J.)(modified)

UJI 13-203

JURY INSTRUCTION NO. 10

An expert witness is permitted to state an opinion based upon a question which, for the purposes of trial, assumes as true certain facts which may or may not be true.

It will be for you in your deliberations, however, to determine from all of the evidence whether or not the facts assumed have been proved to be true.

Leon v. Fedex Ground Package System, Inc., No. CIV 13-1005 JB/SCY Court's Final Jury Instructions, JURY INSTRUCTION NO. 12 at 13, filed February 26, 2016 (Doc. No. 220)

UJI 13-307

JURY INSTRUCTION NO. 11

The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist you in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify and state an expert opinion concerning such matters.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

**PLAINTIFF'S PROPOSED TRIAL AND FINAL JURY INSTRUCTIONS NO. 9**, at 13, filed June 29, 2021 (Doc. 124)

Leon v. Fedex Ground Package System, Inc., No. CIV 13-1005 JB/SCY Court's Final Jury Instructions, Jury Instruction No. 13 (D.N.M. Feb. 26, 2016)(Doc. No. 220)(Browning, J.)(modified)

Judge Parker's Gen. 12

JURY INSTRUCTION NO. 12

An attorney has the right to interview a witness for the purpose of learning what testimony the witness will give. The fact that the witness has talked to an attorney does not reflect adversely on the truth of such testimony.

**PLAINTIFFS' PROPOSED TRIAL AND FINAL JURY INSTRUCTIONS,** NO. 10, at 14, filed June 29, 2021 (Doc. 124)

Leon v. Fedex Ground Package System, Inc., No. CIV 13-1005 JB/SCY, Court's Final Jury Instructions, JURY INSTRUCTION NO. 14 (D.N.M. Feb. 26, 2016)(Doc. 220)(Browning, J.)

Judge Parker's Gen. 18

JURY INSTRUCTION NO. 13

The Rules of Evidence do not ordinarily permit a witness to testify as to an opinion or

conclusion.  However, a witness who is qualified as an expert in a subject may be permitted to

state an opinion as to that subject.  After considering the reasons stated for an opinion, you should

give it such weight as it deserves.  You may reject an opinion entirely if you conclude that it is

unsound.

Leon v. Fedex Ground Package System, Inc., No. CIV 13-1005 JB/SCY, Court's Final Jury
Instructions, JURY INSTRUCTION NO. 11 (D.N.M. Feb. 26, 2016)(Doc. 220)(Browning, J.)

JURY INSTRUCTION NO. 14

A party seeking a recovery or a party relying upon a defense has the burden of proving every essential element of the claim or defense by the greater weight of the evidence.

To prove by the greater weight of the evidence means to establish that something is more likely true than not true. When I say, in these instructions, that the party has the burden of proof on damages, I mean that you must be persuaded that what is sought to be proved is more probably true than not true. Evenly balanced evidence is not sufficient.

**PLAINTIFFS' PROPOSED TRIAL AND FINAL JURY INSTRUCTIONS,** NO. 14, at 15, filed June 29, 2021 (Doc. 124)

Leon v. Fedex Ground Package System, Inc., No. CIV 13-1005 JB/SCY, Court's Final Jury Instructions, JURY INSTRUCTION NO. 15 (D.N.M. Feb. 26, 2016)(Doc. 220)(Browning, J.)

UJI 13-304 NMRA

JURY INSTRUCTION NO. 15

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, and other documents which are in evidence in the case. Such charts or summaries are used for convenience. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**PLAINTIFFS' PROPOSED TRIAL AND FINAL JURY INSTRUCTIONS,** NO. 12, at 16, filed June 29, 2021 (Doc. 124)

Leon v. Fedex Ground Package System, Inc., No. CIV 13-1005 JB/SCY, Court's Final Jury Instructions, JURY INSTRUCTION NO. 17 at 15 (D.N.M. Feb. 26, 2016)(Doc. 220)(Browning, J.)

JURY INSTRUCTION NO. 16

After these instructions on the law governing this case, the lawyers may make closing arguments, or statements, on the evidence and the law. These summaries can be of considerable assistance to you in arriving at your decision and you should listen carefully.  You may give them such weight as you think proper. However, neither these final discussions nor any other remarks or arguments of the attorneys made during the course of the trial are to be considered by you as evidence or as correct statements of the law, if contrary to the law given to you in these instructions.

**PLAINTIFFS' PROPOSED TRIAL AND FINAL JURY INSTRUCTIONS,** NO. 13, at 17, filed June 29, 2021 (Doc. 124)

Leon v. Fedex Ground Package System, Inc., No. CIV 13-1005 JB/SCY, Court's Final Jury Instructions, JURY INSTRUCTION NO. 18 at 19 (D.N.M. Feb. 26, 2016)(Doc. 220)(Browning, J.)

JURY INSTRUCTION NO. 17

A corporation can only act through its officers, employees, and agents. Any act or omission of an officer, employee, or agent of a corporation within the scope or course of his/her employment, is the act or omission of the corporation.

**PLAINTIFFS' PROPOSED TRIAL AND FINAL JURY INSTRUCTIONS,** NO. 14, at 18, filed June 29, 2021 (Doc. 124)

Leon v. Fedex Ground Package System, Inc., No. CIV 13-1005 JB/SCY, Court's Final Jury Instructions, JURY INSTRUCTION NO. 21 at 23 (D.N.M. Feb. 26, 2016)(Doc. 220)(Browning, J.)

JURY INSTRUCTION NO. 18

In this case, the Plaintiffs, Kristina Martinez on behalf of the Estate of Barbara Granger, and Scott Granger, seek compensation from Sunrise Tire and Sukhdev Singh, a/k/a Sukhdev Singh Dhaliwal, a/k/a Sukhdev Dhaliwal Singh for damages that were caused by Sunrise Tire's and Mr. Dhaliwal's negligence. Scott Granger also seeks compensation from Sunrise Tire and Mr. Dhaliwal for damages that were caused by the Defendants' negligent infliction of emotional distress and for loss of consortium.

**PLAINTIFFS' PROPOSED TRIAL AND FINAL JURY INSTRUCTIONS,** NO. 15, at 19, filed June 29, 2021 (Doc. 124)

Morge et al. Fedex Ground Package System, Inc., No. D-101-CIV-201201906, 1ist Judicial District) Court's Final Jury Instructions, JURY INSTRUCTION NO. 2

UJI 13-302A NMRA

JURY INSTRUCTION NO. 19

As the Court instructed when the trial started, the Court previously entered judgment against Sunrise Tire and Mr. Dhaliwal Singh stating that they are liable to Ms. Martinez and Scott Granger for negligence that caused Mrs. Granger's death, are liable to Scott Granger for negligently inflicting emotional distress on Scott Granger associated with Barbara's death, and are liable to Scott Granger for the loss of consortium which he suffered as a result of Mrs. Granger's death. The only issue that Ms. Martinez and Scott Granger must prove, therefore, is the damages Mrs. Granger, whom Ms. Martinez represents as the personal representative of her estate, and Scott Granger suffered.

**PLAINTIFFS' PROPOSED TRIAL AND FINAL JURY INSTRUCTIONS,** NO. 16, at 20, filed June 29, 2021 (Doc. 124)

JURY INSTRUCTION NO. 20

This lawsuit has been brought by Ms. Martinez on behalf of the surviving beneficiaries of Barbara Granger, who is now deceased. Mrs. Granger's beneficiaries are her husband, Scott Granger, and her children, Amanda Wagstaff, Travis Granger, and Levi Granger.

New Mexico law allows damages to be awarded to the surviving spouse and other beneficiaries of a deceased person. You must fix the amount of money which you deem fair and just for the life of Mrs. Granger, including in your award compensation for any of the following elements of damages proved by the evidence:

1. The reasonable expenses of funeral and burial or cremation;

2. The pain and suffering experienced by Mrs. Granger, if any, between the time of injury and death;

3. The value of Mrs. Granger's household services considering her age, health, habits, and life expectancy. The damages set forth in this paragraph are damages for future loss of money and are paid in a lump sum. Therefore, a reasonable discount must be made for the future earning power of the damages awarded;

4. The value of Mrs. Granger's life apart from her earning capacity;

5. The mitigating or aggravating circumstances attending the wrongful act, neglect or default;

6. You may also consider the loss to the beneficiaries of other expected benefits that have a monetary value. While the presence or absence of a measurable monetary loss to beneficiaries is a factor for consideration, damages may be awarded even where monetary loss to the surviving beneficiaries cannot be shown.

- 21 -

The property or wealth of the beneficiaries or of Sunrise Tire and Mr. Dhaliwal is not a legitimate factor for your consideration.

The guide for you to follow in determining fair and just damages is the enlightened conscience of impartial jurors acting under the sanctity of your oath to compensate the beneficiaries with fairness to all parties to this action. Your verdict must be based on evidence, not on speculation, guess or conjecture. You must not permit the amount of damages to be influenced by sympathy or prejudice, or by the grief or sorrow of the family, or the loss of Mrs. Granger's society to her family.

Leon v. Fedex Ground Package System, Inc., No. CIV 13-1005 JB/SCY, Court's Final Jury Instructions, JURY INSTRUCTION NO. 22 at 41-43 (D.N.M. Feb. 26, 2016)(Doc. 220)(Browning, J.)

JURY INSTRUCTION NO. 21

Scott Granger has a claim for damages caused by Sunrise Tire and Mr. Dhaliwal's negligent infliction of emotional distress. New Mexico allows damages to be awarded on this claim to a person who has suffered severe emotional shock as a result of seeing or perceiving a sudden, traumatic event that causes serious injury or death to his family member. Emotional distress is "severe" if it is of such an intensity and duration that no ordinary person would be expected to tolerate it. Scott Granger cannot recover on this claim for grief or sorrow normally attending the death of a family member.

**PLAINTIFFS' PROPOSED TRIAL AND FINAL JURY INSTRUCTIONS,** NO. 18, at 23, filed June 29, 2021 (Doc. 124)

Acosta v. Castle Const. Inc., 1994-NMCA-002, ¶¶9-14, 117 N.M. 28

Rule 13-1629 NMRA

JURY INSTRUCTION NO. 22

Scott Granger also has a claim for loss of consortium. Loss of consortium is a claim to recover the amount of money that will reasonably compensate Scott Granger for the harm he suffered from the loss of his relationship with Mrs. Granger.

**PLAINTIFFS' PROPOSED TRIAL AND FINAL JURY INSTRUCTIONS,** NO. 19, at 24, filed June 29, 2021 (Doc. 124)(modified)

JURY INSTRUCTION NO. 23

You must fix the amount of money which will reasonably and fairly compensate Scott Granger for:

1.  The severe emotional distress he suffered as a result of seeing or perceiving the events that caused Mrs. Granger's death; and

2.  The emotional distress caused by the loss of society, guidance, companionship and/or sexual relations he enjoyed with Mrs. Granger.

Whether these damages have been proved by the evidence is for you to determine. Your verdict must be based upon proof and not upon speculation, guess or conjecture. Further, sympathy or prejudice for or against a party should not affect your verdict and is not a proper basis for determining damages.

**PLAINTIFFS' PROPOSED TRIAL AND FINAL JURY INSTRUCTIONS,** NO. 20, at 25, filed June 29, 2021 (Doc. 124)

Acosta v. Castle Const. Inc., 1994-NMCA-002, ¶¶9-14, 117 N.M. 28

UJI 13-1629 NMRA

- 25 -

JURY INSTRUCTION NO. 24

In fixing the amount you may award for damages arising in the future, you must reduce the total of such damages by making allowance for the fact that any award you might make would, if properly invested, earn interest. You should, therefore, allow a reasonable discount for the earning power of such money and arrive at the present cash value of the total future damages, if any.

You may consider expert testimony in determining the present cash value of future damages.

Damages for any future pain and suffering are not to be so reduced.

Leon v. Fedex Ground Package System, Inc., No. CIV 13-1005 JB/SCY, Court's Final Jury Instructions, JURY INSTRUCTION NO. 40 (D.N.M. Feb. 26, 2016)(Doc. 220)(Browning, J.)

UJI 13-1822 NMRA

JURY INSTRUCTION NO. 25

According to a table of mortality, the life expectancy of persons aged 48 years is 36 additional years. This figure is not conclusive. It is the average life expectancy of persons who have reached that age. This figure may be considered by you in connection with other evidence relating to the probable life expectancy of Mrs. Granger, including evidence of her occupation, health, habits and other activities, bearing in mind that some persons live longer and some live shorter than the average.

**PLAINTIFFS' PROPOSED TRIAL AND FINAL JURY INSTRUCTIONS,** NO. 22, at 27, filed June 29, 2021 (Doc. 124)(modified)

Leon v. Fedex Ground Package System, Inc., No. CIV 13-1005 JB/SCY, Court's Final Jury Instructions, JURY INSTRUCTION NO. 41 at 46 (D.N.M. Feb. 26, 2016)(Doc. 220)(Browning, J.)

National Vital Statistics Reports, CDC, Vol. 69, No. 12, at 14 (Nov. 17, 2020), available at https://www.cdc.gov/nchs/data/nvsr/nvsr69/nvsr69-12-508.pdf

UJI 13-1831 NMRA (modified).

JURY INSTRUCTION NO. 26

In this case, Ms. Martinez and Scott Granger seek to recover punitive damages from Sunrise Tire and Mr. Dhaliwal. You may consider punitive damages only if you find that they should recover compensatory damages.

1.      If you find that the conduct of Sunrise Tire was willful, reckless, or wanton, you may award punitive damages against it.

2.      If you find that the conduct of Sunrise Tire's agents or employees, taken as a whole, show that Sunrise Tire was willful, reckless, or wanton, you may award punitive damages against Sunrise Tire. You may view the acts and omissions of the employees of Sunrise Tire in the aggregate to determine whether Sunrise Tire acted willfully, recklessly, or wantonly because of the cumulative conduct of its employees.

3.      If you find that the conduct of Mr. Dhaliwal was willful, reckless, or wanton, then you may award punitive damages against him.

Willful conduct is the intentional doing of an act with knowledge that harm may result.

Reckless conduct is the intentional doing of an act with utter indifference to the consequences. When there is a high risk of danger, conduct that breaches the duty of care is more likely to demonstrate recklessness.

Wanton conduct is the doing of an act with utter indifference to or conscious disregard for a person's safety.

Punitive damages are awarded for the limited purposes of punishment and to deter others from the commission of like offenses. The amount of punitive damages must be based on reason and justice taking into account all the circumstances, including the nature and enormity of the wrong and such aggravating and mitigating circumstances as may be shown. The property or

wealth of Sunrise Tire or Mr. Dhaliwal is a legitimate factor for your consideration. The amount awarded, if any, must be reasonably related to the injury and to any damages given as compensation and not disproportionate to the circumstances.

You must not consider punitive damages, or increase the amount of any punitive damages award, to provide additional compensation of any kind to Ms. Martinez and/or Scott Granger. Punitive damages may be awarded only if Sunrise Tire or Mr. Dhaliwal's culpability, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve the proper amount of punishment or deterrence.

In determining an appropriate amount of punitive damages, if any, you may consider Sunrise Tire and Mr. Dhaliwal's wealth. However, you may consider Sunrise Tire and Mr. Dhaliwal's wealth only to determine the approximate punishment for the conduct affecting Ms. Martinez and Scott Granger in this case and upon which you have based your finding of liability. You may not use a Sunrise Tire and Mr. Dhaliwal's wealth as a gauge for the imposition of a penalty to deter the entire type or course of conduct that affected Ms. Martinez and Scott Granger.

**PLAINTIFFS' PROPOSED TRIAL AND FINAL JURY INSTRUCTIONS,** NO. 30, at 28-29, filed June 29, 2021 (Doc. 124)(modified)

Leon v. Fedex Ground Package System, Inc., No. CIV 13-1005 JB/SCY, Court's Final Jury Instructions, JURY INSTRUCTION NO. 42 at 46-47 (D.N.M. Feb. 26, 2016)(Doc. 220)(Browning, J.)

JURY INSTRUCTION NO. 27

Ms. Martinez and Scott Granger have introduced evidence of risk of harm to others as a result of Sunrise Tire and Mr. Dhaliwal's conduct. You may consider this evidence in determining the nature and enormity of Sunrise Tire and Mr. Dhaliwal's wrongful conduct toward Ms. Martinez and Scott Granger. You may not, however, include in your award of punitive damages any amount that punishes Sunrise Tire and Mr. Dhaliwal for harm to others not before this court.

**PLAINTIFFS' PROPOSED TRIAL AND FINAL JURY INSTRUCTIONS,** NO. 24, at 30, filed June 29, 2021 (Doc. 124)(modified)

JURY INSTRUCTION NO. 28

Upon retiring to the jury room you should first elect a foreperson who will preside over your deliberations and will be your spokesperson here in court.

A form of verdict has been prepared for your convenience. You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign it and then return to the courtroom.

If, during your deliberations, you should desire to communicate with me, please put your message or question in writing signed by the foreperson, and pass the note to the court security officer who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom. I caution you, however, with regard to any message or question you might send, that you should never state your numerical division.

**PLAINTIFFS' PROPOSED TRIAL AND FINAL JURY INSTRUCTIONS,** NO. 25, at 31 filed June 29, 2021 (Doc. 124)

Leon v. Fedex Ground Package System, Inc., No. CIV 13-1005 JB/SCY, Court's Final Jury Instructions, JURY INSTRUCTION NO. 43 (D.N.M. Feb. 26, 2016)(Doc. 220)(Browning, J.)

UJI 13-2009 NMRA

Judge Parker's Gen. 28

JURY INSTRUCTION NO. 29

The jury acts as a body. Therefore, on every question on the verdict form which the jury must answer it is necessary that all jurors participate regardless of the vote on another question. Before a question can be answered, all seven of you must agree upon the answer.

**PLAINTIFFS' PROPOSED TRIAL AND FINAL JURY INSTRUCTIONS,** NO. 26, at 32 filed June 29, 2021 (Doc. 124)

Leon v. Fedex Ground Package System, Inc., No. CIV 13-1005 JB/SCY, Court's Final Jury Instructions, JURY INSTRUCTION NO. 44 (D.N.M. Feb. 26, 2016)(Doc. 220)(Browning, J.)

UJI 13-2006  NMRA (modified)

JURY INSTRUCTION NO. 30

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, computer, the Internet, any text or instant messaging service, blog, or any website such as Facebook, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations.

You may not use electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media may be wrong, incomplete, or inaccurate. You are permitted to discuss the case with only your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors and the parties in this case. This would unfairly and adversely impact the judicial process.

**PLAINTIFFS' PROPOSED TRIAL AND FINAL JURY INSTRUCTIONS,** NO. 27, at 39 filed June 29, 2021 (Doc. 124)

Leon v. Fedex Ground Package System, Inc., No. CIV 13-1005 JB/SCY, Court's Final Jury Instructions, JURY INSTRUCTION NO. 45 (D.N.M. Feb. 26, 2016)(Doc. 220)(Browning, J.)

Judge Parker Gen. 27B

JURY INSTRUCTION NO. 31

In deliberating on this case, it is your duty to consult with one another and to decide the case only after an impartial consideration of the evidence. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion, if convinced it is wrong, but do not give up your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict. Remember that you are not partisans but judges -- judges of the facts. Your sole interest is to determine the truth from the evidence in the case.

**PLAINTIFFS' PROPOSED TRIAL AND FINAL JURY INSTRUCTIONS,** NO. 28, at 34 filed June 29, 2021 (Doc. 124)

Leon v. Fedex Ground Package System, Inc., No. CIV 13-1005 JB/SCY, Court's Final Jury Instructions, JURY INSTRUCTION NO. 46 (D.N.M. Feb. 26, 2016)(Doc. 220)(Browning, J.)

JURY INSTRUCTION NO. 32


Faithful performance by you of your duties is vital to the administration of justice.


**PLAINTIFFS' PROPOSED TRIAL AND FINAL JURY INSTRUCTIONS,** NO. 29, at 39 filed June 29, 2021 (Doc. 124)

Leon v. Fedex Ground Package System, Inc., No. CIV 13-1005 JB/SCY, Court's Final Jury Instructions, JURY INSTRUCTION NO. 47 (D.N.M. Feb. 26, 2016)(Doc. 220)(Browning, J.)

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

KRISTINA MARTINEZ, in her Capacity
as the Personal Representative of the
Wrongful Death Estate of BARBARA
GRANGER, and SCOTT GRANGER,
individually,

                Plaintiffs,

vs.                                    No. CIV 19-0994 JB/JHR

SUNRISE TIRE AND LUBE SERVICE, INC.,
and SUKHDEV SINGH, a/k/a SUKHDEV
SINGH DHALIWAL, a/k/a SUKHDEV
DHALIWAL SINGH,

                Defendants.

## <u>VERDICT</u>

On the questions submitted, the jury finds as follows:

**Question No. 1:**    In accordance with the damage instruction given by the court for the life of Barbara Granger in Instruction No. 20, we find the total amount of damages the Estate of Barbara Granger suffered and that Defendants Sunrise Tire and Lube Service, Inc. and Sukhdev Singh a/k/a Sukhdev Singh Dhaliwal, a/k/a Sukhdev Dhaliwal Singh must pay are as follows:

        $_____

**Question No. 2:**    In accordance with the damages instructions given by the court, we find Defendants Sunrise Tire and Lube Service, Inc. and Sukhdev Singh a/k/a Sukhdev Singh Dhaliwal, a/k/a Sukhdev Dhaliwal Singh must pay Plaintiff Scott Granger the following amount for negligent infliction of emotional distress and loss of consortium:

        $_____

**Question No. 3:**    Were the acts or failures to act of Defendant Sunrise Tire and Lube Service, Inc. willful, wanton, or reckless?

**Answer:**     Yes___          No ___

If your answer to Question No. 3 is "Yes," answer Question No. 4. If your answer to Question No. 3 is "No," go on to Question No. 5.

**Question No. 4:**     In accordance with the exemplary or punitive damage instructions given by the court, we find the total amount of punitive damages to be awarded against Sunrise Tire and Lube Service, Inc. to be as follows:

$_____

**Question No. 5:**     Were the acts or failures to act of Sukhdev Singh a/k/a Sukhdev Singh Dhaliwal, a/k/a Sukhdev Dhaliwal Singh willful, wanton, or reckless?

Answer:     Yes___          No ___

If your answer is "Yes," enter in your answer to Question No. 6 the amount of punitive damages, if any, to be awarded against Sukhdev Singh a/k/a Sukhdev Singh Dhaliwal, a/k/a Sukhdev Dhaliwal Singh.

**Question No. 6:**     In accordance with the exemplary or punitive damage instructions given by the court, we find the total amount of punitive damages to be awarded against Sukhdev Singh, a/k/a Sukhdev Singh Dhaliwal, a/k/a Sukhdev Dhaliwal Singh as to Plaintiffs to be as follows:

$_____

DATED: _____

_____
FOREPERSON

- 37 -