IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KRISTINA MARTINEZ, in her Capacity
as the Personal Representative of the
Wrongful Death Estate of BARBARA
GRANGER, and SCOTT GRANGER,
individually,

        Plaintiffs,

vs.

DART TRANS, INC., GILBERT TAN d/b/a
GMT TRUCKING, SUNRISE TIRE AND
LUBE SERVICE, INC., SAM SANDHU,
JASVIR SINGH, SUKHDEV SINGH
DHALIWAL, JOHN DOE 1, JOHN DOE 2,
GOODWILL TRUCKING, LLC, and
GURPREET SUCH,

        Defendants.

Case No. 19-cv-00994-JB-JHR

**PLAINTIFFS' RESPONSE IN OPPOSITION TO THE "NOTICE OF MOTION AND MOTION TO QUASH JUDGMENT AND TO QUASH THE ARREST WARRANT AGAINST SUKHDEV SINGH, DECLARATION OF DEFENDANT, AND HIS ATTORNEY IN SUPPORT OF THE MOTION TO QUASH, AND THE MEMORANDUM OF POINTS AND AUTHORITIES THEREOF AND REQUEST TO STAY THE ARREST WARRANT PENDING HEARING OF THIS MOTION"**

        The ability of the court system to effectively resolve disputes depends on the judiciary's authority to require parties to come to court and participate in litigation or face significant consequences that follow from deliberately ignoring the obligation to do so. From the outset, Defendant Sukhdev Singh, a/k/a Sukhdev Singh Dhaliwal, a/k/a Sukhdev Dhaliwal Singh ("Singh") has challenged the Court's ability to hold him accountable for sitting idle while a wrongful death case in which he is a party – the most serious type of civil case that courts hear – proceeded through default judgment, to jury trial on damages, to discovery in aid of execution on

the judgment. Plaintiffs have shown the Court the steps they took to comply with their obligations and requested relief the law provides for Singh's recalcitrance at that stage of the proceedings.

On July 19, 2022, more than three years after this litigation began, and more than a year after the trial Singh personally and as owner of his company Sunrise, chose not to show up for, the point finally was reached where Singh was in contempt and the Court ordered his arrest. *See* Doc. 167. As the Court made clear to Singh's counsel during the hearing on the contempt motion, all Singh must do to avoid incarceration is provide Plaintiffs the discovery the Court has found they are entitled to receive. Singh will not do so. In fact, his attorney has indicated Singh would rather sit in jail than disclose information to Plaintiffs.

Now, Singh comes to this Court with a late filing seeking to quash the judgment and the arrest warrant. *See* Doc. 170 ("Motion to Quash"). In the affidavit he submits in support of that filing, however, Singh admits facts that confirm the Court properly had personal jurisdiction over Singh and properly corrected the misnomer of his name. The affidavit also shows that Singh closely followed these proceedings and just chose not to take any action to participate. As such, there is nothing in the Motion to Quash that calls into question the judgment or that would justify quashing the arrest warrant for Singh. Rather, Singh's filing supports and affirms that the Court correctly corrected Singh's misnomer, and then correctly granted the post-trial relief that Plaintiffs continued to seek from this Court in the face of Singh and his attorney ignoring the Court's orders. The Court properly should, therefore, deny and dismiss the Motion to Quash. Singh's motion should be denied.

**I.  FACTS**

1. On June 18, 2019, Plaintiffs filed the Complaint for Personal Injuries from which this case arises in the First Judicial District Court, in the Santa Fe County, Cause No. D-101-CV-2019-02130. *See* [Doc. 1-1].

2. On September 11, 2019, Plaintiffs served Singh with process for "Sukhdev Singh Dhaliwal" by substitute service, by leaving a copy of the summons with "Jane Doe," after she said that Defendant Singh was not home. Return of Service, Ex. 1 at 3, 5; *see* Motion for Entry of Default [Doc. 16], at 1.

3. On October 11, 2019, Rattan Dhaliwal affirmatively represented to Plaintiffs' counsel that he represented Singh, when his paralegal requested a 30-day extension of the time in which to answer the Complaint and emailed to confirm that Plaintiffs' counsel "very graciously granted Defendants, Sunrise Tire and Lube Service, Inc., Rajinder Bassi Singh, and Sukhdev Dhaliwal Singh, thirty-day extension to answer on the complaint." *See* Plaintiffs' Rule 60(a) Motion to Correct Mistake in Default Judgment [Doc. 112] ("Motion to Correct"), Ex. 1 [Doc. 112-1).

4. On October 24, 2019, Defendants Goodwill Trucking, LLC and Gurpreet Such removed this action to this Court. *See* Notice of Removal of Action Under 28 U.S.C. §§ 1332 and 1441 [Doc. 1] ¶ 1, at 1.

5. On November 14, 2019, Plaintiffs' counsel e-mailed Rattan Dhaliwal to follow up and confirm whether the defendants the firm represented intended to answer or otherwise respond to the Complaint. *See* Plaintiffs' Rule 60(a) Motion to Correct Mistake in Default Judgment [Doc. 112] ("Motion to Correct"), ¶ 6, at 3; *id.*, Ex. 1 [Doc. 112-1].

6. On November 20, 2019, a paralegal from Rattan Dhaliwal's firm left a message that they had a New Mexico attorney reviewing the case for them and that they would be answering. Plaintiffs then heard nothing further from Rattan Dhaliwal, his firm, Sunrise, or Singh.

7. Consequently, on January 29, 2020, after a hearing on the motion for default judgment, the Court entered Default Judgment against Sunrise and "Sukhdev Singh Dhaliwal." [Doc. 36].

8. On January 6, 2021, Rattan Dhaliwal as counsel for Sunrise filed the Notice of Motion and Motion to Set Aside the Default of Defendant Sunrise Tire and Lube Service, Inc., Memorandum of Points and Authorities and Declaration of Defendant, and Its Attorney in Support Thereof [Doc. 98]. The Court denied this motion on July 5, 2021, based in part on its conclusion that "Sunrise Tire," the company for which Singh was CEO until just weeks ago, "has chosen largely to be unresponsive in this litigation." [Doc. 130 at 2].

9. On May 14, 2021, Plaintiffs filed the Motion to Correct. They noted that the Court's default judgment against Singh had a misnomer – Sukhdev Singh Dhaliwal – and moved to correct the judgment to reflect that "his name may be 'Sukhdev Singh' and/or 'Sukhdev Dhaliwal Singh.'" Motion to Correct at 1. As indicated in the Motion to Correct, Plaintiffs' counsel discussed the motion with Singh's attorney, Mr. Dhaliwal, and Mr. Dhaliwal indicated that "he 'might be filing an opposition' to the motion." Motion to Correct at 1-2.

10. Singh and Mr. Dhaliwal chose not to file a response in opposition to the motion. Neither attended the Court's pretrial hearing/hearing on the Motion to Correct. *See* Clerk's Minutes [Doc. 127], at 1. And they plainly knew even remote appearances were permitted given

that Mr. Dhaliwal previously had appeared telephonically and via Zoom for court hearings. *See, e.g.,* Clerk's Minutes [Doc. 102]; Clerk's Minutes [Doc. 111], at 1.

11. On July 6, 2021, the Court filed its Memorandum Opinion and Order granting the Motion to Correct ("MOO"). *See* Doc. 131. The Court granted the Motion to Correct, because the Court found that the parties, including Sunrise Tire and Singh, as well as Plaintiffs, knew that the Defendant who was named in the caption as "Sukhdev Singh Dhaliwal," was Singh all along, even if they had mistaken one of his a/k/as:

> [T]hroughout the litigation, the parties and the Court have known whom this Defendant is -- Defendant Sunrise Tire and Lube Service, Inc.'s owner and registered agent -- and changing the name in the Default Judgment will reflect more clearly the Court's purpose in entering the Default Judgment, by preventing this Defendant from avoiding the Default Judgment's consequences by attempting to go by different versions of the same name.

MOO at 2.

12. On July 15, 2021, after a jury trial on July 6-7, 2021, the Court entered the Final Judgment. *See* Doc. 148. The Court's Final Judgment entered judgment in favor of Kristina Martinez and against Sunrise Tire and Singh for $10 million in compensatory damages, in favor of Scott Granger and against Sunrise Tire and Singh for $7 million in compensatory damages, and in favor of the Plaintiffs and against Sunrise Tire for $10 million in punitive damages. *See id.* at 2. The Final Judgment was served on Mr. Dhaliwal as counsel for Sunrise Tire and Mr. Singh. *See id.* at 3.

13. Neither Mr. Singh nor Sunrise Tire appealed the Final Judgment.

14. On July 23, 2021, Plaintiffs served discovery in aid of execution on the judgment on Sunrise Tire and Singh. *See* Doc 149. Plaintiffs served this discovery in aid of execution on Mr. Dhaliwal. *See id.* In addition, the discovery and the Final Judgment were served on Mr. Singh via certified mail at 17910 Golden Spike Trail, Lathrop, CA 95330 ("17910 Golden Spike

5

Trail"), and, on July 23, 2021, they were personally served on "Jane Doe," an authorized person to accept service of process. *See* Notice of Filing Proof of Service (Doc. 151), at 1-2, and Ex. 1 (Doc. 151-1).

15. Neither Sunrise Tire nor Singh answered the discovery.

16. On August 18, 2021, Plaintiffs noticed the depositions of Sunrise Tire and Singh in aid of execution of the Final Judgment. These depositions were noticed after Plaintiffs corresponded with Mr. Dhaliwal about scheduling these depositions, but were unsuccessful in agreeing with Mr. Dhaliwal about a time and place to schedule the depositions.

17. On August 30, 2021, Plaintiffs filed their motion to compel Sunrise Tire's and Singh's answers and responses to the written discovery propounded on them in aid of execution of the judgment. *See* Doc. 153. As noted in Exhibit C to that motion, Plaintiffs' counsel previously corresponded with Mr. Dhaliwal, who responded that his clients – Sunrise Tire and Singh – did not plan to respond to discovery. *See* Doc. 153-3. This motion was served on Mr. Dhaliwal via certified mail and email and via certified mail to Singh at 17910 Golden Spike Trail. *See* Doc. 153, at 5.

18. On September 8, 2021, Plaintiffs filed the motion to compel Sunrise Tire's and Singh's depositions in aid of execution of the judgment. *See* Doc. 154. Attached to that motion was an email that Plaintiffs' counsel sent to Mr. Dhaliwal regarding scheduling the depositions, providing two weeks of dates in which Mr. Dhaliwal's clients could schedule the deposition, and alerting Mr. Dhaliwal that Plaintiffs would set the depositions if Mr. Dhaliwal did not respond. *See* Doc. 154-1. This motion was served on Mr. Dhaliwal via certified mail and email and via certified mail to Singh at 17910 Golden Spike Trail. *See* Doc. 154, at 5.

19. On March 23, 2022, the Court held a hearing on the motion to compel the answers to Plaintiffs' discovery requests in aid of execution and the motion to compel the depositions of Sunrise Tire and Singh. *See* Clerk's Minutes [Doc. 161], at 1. Mr. Dhaliwal appeared telephonically on behalf of Sunrise Tire. *See id.* Mr. Dhaliwal represented to the Court that he and Sunrise Tire "will attempt to comply" with the Court's order to require the discovery responses and depositions within 21 days of the Court's Order.

20. In the Court's March 7, 2022 Order granting the motions to compel, the Court ordered that, if Sunrise Tire or Singh fail to comply with the Order, the Court "will issue a further order, under Rule 37(b)(1)(A)(vii) of the Federal Rules of Civile Procedure, holding" Singh in contempt of court. Doc. 162, ¶ v, at 2.

21. Neither Mr. Dhaliwal, Sunrise Tire, nor Singh complied with the Court's order granting the motions to compel as Mr. Dhaliwal represented they would.

22. On May 9, 2022, Plaintiffs filed the motion for civil contempt. *See* Doc. 163 ("Motion for Contempt"). Attached to the Motion for Contempt, Plaintiffs attached an email string in which Mr. Dhaliwal displayed that he and his clients had no intention of having Sunrise Tire comply with the Court's order granting the motions to compel. *See* Motion for Contempt, Ex. 3 (Doc. 163-3). Also attached to the Motion for Contempt was correspondence from the process server that Plaintiffs engaged to serve, personally, Singh at 17910 Golden Spike Trail, at which attempts the process server stated: "Supposedly a bad address but I'm suspicious about it. The woman who answered the door was approximately 60 years old, 5'5, 150-160lbs, Indian. Dark complexion, black hair. Unknown female said they were new there. There are old Christmas decoration all over the house." Motion for Contempt, Ex. 4, at 2.

23. On July 19, 2022, the Court held a hearing on the Motion for Contempt. Mr. Dhaliwal appeared telephonically for the Defendants. *See* Clerk's Minutes (Doc. 166) at 1. In response to Mr. Dhaliwal's arguments about the status of Sunrise Tire and "jurisdiction of the Court as to Mr. Singh," the Court "encouraged" Mr. Dhaliwal to advise Singh to comply with the deposition and discovery, "[o]therwise, process has started for Mr. Singh's arrest for contempt of Court." *Id.* at 1-2.

24. On July 19, 2022, the Court filed the Order granting the Motion for Contempt, and ordered the Marshal Service to serve the Order of Contempt and arrest Singh. *See* Doc. 167.

25. On August 19, 2022, Singh (ostensibly but unconvincingly) purported to file the Motion to Quash pro se. The motion includes citations to the Federal Rule of Civil Procedure and contentions about personal jurisdiction, including that he never "waived personal jurisdiction" and was "never served with summons and complaint." Motion to Quash at 2. In Singh's affidavit, attached to the Motion to Quash, he admits the facts that establish that this Court properly obtained personal jurisdiction over him, that he was alerted to and/or observed every step of the process that led to the Court's Order granting the Motion for Contempt, including the order for the Marshals to arrest and detain Singh. Mr. Singh affirmed:

   a. That service of process properly was served on him, as he "read the complaint in the past," Doc. 170 ¶¶ 2-3, at 3, presumably after the Complaint was, as he couches it, "sub-***served on me*** as Sukhdev Singh Dhaliwal," *id.* at ¶ 3, at 3.

   b. He knew that Plaintiffs intended to sue the listed owner of Sunrise Tire – which is what he was at the time – in the same county, San Joaquin County – in which he lived, as he admits that "'Plaintiffs . . intended to sue Sukhdev Singh Dhaliwal . . . ***here*** somewhere in San Joaquin County," *id.* ¶ 15(i), at 4 (emphasis added).

c. He read that Plaintiffs intended to sue the Sukhdev Singh who was "Sunrise Tire's Chief Executive officer," because Sunrise Tire "was the grantee in a recorded 'Notice of bulk Transfer' . . . that appears related to the American Tire and Truck Repair business," *id.* ¶¶ 16-17, at 4.

d. Singh admits that he and his company, Sunrise Tire, did the actual work on the "Dart Tractor Trailer" that was complained of throughout the Complaint that he read when it was served on him: "[T]his is the ***only time we dealt with them*** [the Dart Tractor Trailer at issue in the Complaint]," *id.* ¶ (B), at 5 (emphasis added). Singh admits that, "[t]oday I know that we did replace the lug nuts for the Dart Tractor Trailer," *id.* ¶ 6, at 6.

e. When Singh knew that Plaintiffs were suing the owner of Sunrise Tire, which he was, for work done on the Dart Tractor Trailer, which he admits he knew Sunrise Tire had done, rather than answer the Complaint, reach out to the Plaintiffs or their attorneys, he decided not to answer because he (wrongly) thought that, "in New Mexico," he could not be sued for negligence for the work Sunrise Tire did on the Dart Tractor Trailer at issue in the Complaint, *id.* ¶ (D), at 5.

f. Singh admits that "Sukhdev Singh is a very common name in Punjab State of India," and that, even in San Joaquin County, he "personally know[s] many Sukhdev Singhs in and around Stockton area by itself," *id.* ¶ 7, at 6.

g. Indeed, Singh admits that he understood and understands that the name named in the Complaint that he admitted was served on him – Sukhdev Singh Dhaliwal – could have been him: "***[E]very Sukhdev Singh Dhaliwal can be Sukhdev Singh***," *id.* ¶ 7(a), at 6.

9

h. Singh also admits that, at the time he read the Complaint when it was properly served on him, he knew that there were issues with identification of the proper Defendants, but, rather than ask any questions of Plaintiffs or their counsel about perfected service on him – the correct Defendant – he decided to do nothing: "I do remember hearing from others that summons and complaint had been served on others at the wrong addresses, or to the wrong people in this case, since so many people were sued. This only confirmed for me that it must have been a mistake," *id.* ¶ 8, at 7.

i. Singh admits that, although according to him he was sure and confident that Plaintiffs purportedly intended to sue someone else, he was monitoring all of the pleadings and proceedings against him and Sunrise Tire, saw that the Motion to Correct was filed, when it was filed, but he decided to do nothing about it (even though it was a motion to ***correct*** the name of Sukhdev Singh Dhaliwal to a/k/as which included his exact name, for someone he knew did work on the Dart Tractor Trailer at issue in his county): "***Motion for Name Correction was the first indication to me that maybe I was being sued***, but . . . . there was nothing I could do, even if I wanted to," *id.* ¶ 10, at 7.

II. ARGUMENT

As an initial matter, it is objectively apparent from the motion and associated documents that an attorney ghost wrote the documents for Singh. Yet even with help, Singh fails to cite any authority that would support quashing the order requiring the U.S. Marshals Service to arrest Singh until he complies with his discovery obligations. Given the substance of the Motion to Quash, the Court properly should treat this as a motion to reconsider. That is consistent with

Singh (or whoever ghost wrote the brief for Singh) complaining about the Court's order granting the Motion to Correct that "was filed under Rule 60 in May 14, 2021." Motion to Quash at 13. In particular, Singh seems to be trying to have the Court reconsider the Court's MOO concluding that Singh's name properly should be changed based on its finding that Sunrise Tire and Singh knew that the Defendant who was named in the caption as "Sukhdev Singh Dhaliwal," was Singh all along, even if they had mistaken one of his a/k/as:

> [T]hroughout the litigation, the parties and the Court have known whom this Defendant is -- Defendant Sunrise Tire and Lube Service, Inc.'s owner and registered agent -- and changing the name in the Default Judgment will reflect more clearly the Court's purpose in entering the Default Judgment, by preventing this Defendant from avoiding the Default Judgment's consequences by attempting to go by different versions of the same name.

MOO at 2.

### A. Law Regarding Motions to Reconsider

For a motion to reconsider, the Court has pointed out that there are three analyses for such motions, which depend upon when they're filed in relation to the final judgment:

> Except where the Federal Rules of Civil Procedure specify, motions to reconsider fall into three categories:
>
>> (i) a motion to reconsider filed within [twenty-eight] days of the entry of judgment is treated as a motion to alter or amend the judgment under rule 59(e); (ii) a motion to reconsider filed more than [twenty-eight] days after judgment is considered a motion for relief from judgment under rule 60(b); and (iii) a motion to reconsider any order that is not final is a general motion directed at the Court's inherent power to reopen any interlocutory matter in its discretion. See Price v. Philpot, 420 F.3d 1158, 1167 & n.9 (10th Cir. 2005).

*N.M. ex rel. Balderas v. Valley Meat Company, LLC*, No. CIV 14-1100 JB/KBM, Memorandum Opinion and Order, at 18 (D.N.M. Dec. 14, 2015) (Browning, J.) (quoting *Pedroza v. Lomas Auto Mall, Inc.*, 258 F.R.D. 453, 462 (D.N.M. 2009)).

This Court has recognized that, for district court orders other than "a final judgment," *id.* at 23, "a district court can use whatever standard it wants to review a motion to reconsider" a motion other than a final judgment, *id.* at 27.

"[I]n the Court's eyes," the "best approach" is to analyze "three factors": (i) How thoroughly the previous order "addressed the specific findings or conclusions that the motion to reconsider challenges," *id.* at 27-28; (ii) "[T]he case's overall progress and posture, the motion for reconsideration's timeliness relative to the ruling it challenges, and any direct evidence the parties may produce, and use those factors to assess the degree of reasonable reliance the opposing party has placed in the Court's prior ruling," *id.* at 29; and (iii) The "*Servants of the Paraclete v. Does* grounds," which include whether the movant presents "new controlling authority," "new evidence," or "a clear indication – one that manifests itself without the need for in-depth analysis or review of the facts – that the Court erred," *id.*

### B. The Motion to Quash, purportedly filed by Singh, does not meet the Court's threshold requirements for granting the relief that Singh requests.

*1. The Motion to Reconsider addressed the specific findings and challenges that Singh challenges, and Singh, in his Affidavit, admits that the Court's findings were correct.*

Singh's Motion to Quash challenges that the Court properly changed Singh's name from Sukhdev Singh Dhaliwal to Sukhdev Singh. But Singh does not point to any findings of fact or conclusions that the Court made which he specifically asserts the Court wrongly found or concluded. To the contrary, Singh's affidavit supports and affirms that the Court's MOO was proper. This first factor in relation to the Court's consideration of the Motion to Quash, therefore, weighs in favor of the Court denying and dismissing the Motion to Quash.

The Court concluded in the MOO that it properly could change the name of Sukhdev Singh Dhaliwal to Singh based in part on the fact that: "At no point has Mr. Dhaliwal ever suggested that Defendant Singh Dhaliwal/Singh was not fully apprised of the nature of the claims against him, did not receive each pleading, and/or would not have done anything different in the litigation had the claimed misnomer not existed." MOO at 18.

Though the Court didn't need to find this in the MOO, in his affidavit in the Motion to Quash, Singh admitted to these prior Court findings. Singh admitted that the Complaint was "sub-served" on him, as he puts it. Facts ¶ 25(a). That directly undermines every time he claims elsewhere in the motion that he was not served. Singh admitted that he knew Sunrise Tire, his company, did the work on the Dart tractor trailer at issue in the Complaint that was served on him. *Id.* ¶ 25(d). From the Complaint, he therefore plainly knew he was the named individual defendant in the case. Singh admits that he made the conscious, volitional decision not to do anything in response to the Complaint because he was purportedly told by a New Mexico lawyer that owners couldn't be sued for "negligence," which, based on his affidavit, he recognized Sunrise Tire and/or he did. *Id.* ¶ 25(e). Singh admits that he was watching service on other Defendants in this case and also communicating with others about service of process. But he did nothing to inquire or challenge whether he was the Singh named as a Defendant, which he unsurprisingly had to admit given the allegations in the Complaint. *Id.* ¶¶ 25(g) and (h). Finally, Singh admits in his affidavit that he saw that the Motion to Correct was filed when it was filed, but he affirmatively decided to do nothing about it (even though it was a motion to **correct** the name of Sukhdev Singh Dhaliwal to a/k/as which included his exact name, for someone he knew did work on the Dart tractor trailer at issue in his county), because he decided that "there was nothing I could do, even if I wanted to." *Id.* ¶ 25(i).

13

It is Singh's obligation in the Motion to Quash to show that the Court did not thoroughly address the facts and conclusions that he challenges. *See N.M. ex rel. Balderas v. Valley Meat Company, LLC*, No. CIV 14-1100 JB/KBM, Memorandum Opinion and Order, at 27-28. He does not do that. Instead, his affidavit shows that the Court's findings and conclusions were correct. The first factor, therefore, weighs heavily in support of the Court declining to reconsider the MOO, and denying and dismissing the motion to quash.

> 2. *The posture of this case, over one year past the Final Judgment was entered, and the first contest by Singh of any of the post-Judgment attempts by Plaintiffs to challenge the MOO or any action that the Court has taken after MOO, establish that Plaintiffs relied, reasonably, on the MOO, and the Court should not reconsider the MOO.*

The Court entered its Final Judgment against Singh and Sunrise Tire for a total of $27 million on July 15, 2021. *See* Facts ¶ 12. The Motion to Quash was filed more than a year after the MOO it challenges. *Compare id. with* Facts ¶ 25. The Court previously noted that a consideration for this second factor includes the amount of time and effort a party expends after the challenged order. *See N.M. ex rel. Balderas v. Valley Meat Company, LLC*, No. CIV 14-1100 JB/KBM, Memorandum Opinion and Order, at 29. After the MOO that Singh challenges, the Plaintiffs spent two days trying, before a jury, the Plaintiffs' case against Singh and Sunrise Tire. *See* Facts ¶ 12. Singh chose, on behalf of him and Sunrise Tire, not to appear for that trial. The jury returned a $27 million verdict against Singh and Sunrise Tire. *See id.* Neither Singh nor Sunrise Tire appealed that judgment. *See* Facts ¶ 13. Afterwards, Plaintiffs propounded discovery in aid of execution of that judgment on Singh and Sunrise Tire. *See id.* ¶ 14. Neither Singh nor Sunrise Tire answered that discovery. *See id.* ¶ 15. Plaintiffs noticed the depositions of Singh and Sunrise Tire, and appeared for those depositions only to have the witnesses no-show. *See id.* ¶ 16. Because neither Singh nor Sunrise Tire answered the discovery or appeared for the depositions, Plaintiffs filed a motion to compel the discovery and depositions. *See id.* ¶¶ 17-18.

14

The Court held a hearing on those motions to compel, granted the motions to compel and, ultimately, because Singh and Sunrise Tire decided not to comply with the order granting the motions to compel, the Plaintiffs moved for the Motion for Contempt, appeared for the hearing on that motion, and the Court granted the Motion for Contempt. *See id.* ¶¶ 19-24.

Thus, since the MOO that Singh challenges, Plaintiffs have endured the emotional torment of a trial that detailed Barbara Granger's needless death and the turmoil it caused her family, and have expended significant time and resources on reliance on the MOO. In addition to the jury trial, this includes pursuing discovery in aid of execution on the judgment, and filing and appearing for hearings on motions to compel and contempt motions against Singh and Sunrise Tire. That Singh decided to challenge the MOO after all of this work in reliance on the MOO, and over a year after the MOO, weighs heavily against the second factor the Court considers in deciding the Motion to Quash. *See N.M. ex rel. Balderas v. Valley Meat Company, LLC*, No. CIV 14-1100 JB/KBM, Memorandum Opinion and Order, at 29. The second factor the Court considers, therefore, weighs heavily in favor of the Court denying and dismissing the Motion to Quash.

> 3. *Singh's Motion to Quash does not meet the Court's third factor for consideration of the Motion to Quash, because Singh does not present any new controlling authority, does not present any new evidence (and presents only evidence that confirms the Court's findings and conclusions), and does not present any new evidence that the Court erred in the MOO.*

In the Motion to Quash, in relation to the Court's consideration of the first *Servants of the Paraclete v. Does* grounds, Singh doesn't present any new "controlling" authority, which this Court requires for consideration of the third factor in deciding motions to reconsider like the Motion to Quash. *N.M. ex rel. Balderas v. Valley Meat Company, LLC*, No. CIV 14-1100 JB/KBM, Memorandum Opinion and Order, at 29.

Granted, Singh presents legal authority in his purported "pro se" Motion to Quash. He provides correct legal citations to Fed. R. Civ. P. 4 and 60, for example. *See* Motion to Quash at 13, 14. He also, in his purported "pro se" Motion to Quash, refers to the legal doctrine of "Piercing the Corporate Veil." *Id.* at 16.[1]

But the Motion to Quash doesn't provide the required "new controlling authority." *N.M. ex rel. Balderas v. Valley Meat Company, LLC*, No. CIV 14-1100 JB/KBM, Memorandum Opinion and Order, at 29.

In relation to the second *Servants of the Paraclete v. Does* grounds, Singh doesn't present "new evidence" that the Court hadn't considered in the MOO. *Id.* But, importantly, Singh provides the same evidence that the Court relied on in its findings and conclusions in the MOO to conclude that correcting Singh's misnomer was proper. In other words, as the Court points out in the MOO, because neither Singh nor Mr. Dhaliwal provided any response to the Motion to Correct, it relied on the Plaintiffs' presentation of evidence to file the MOO. Now, Singh's affidavit confirms that the facts Plaintiffs provided in the Motion to Correct were true and accurate. Those facts include that Singh properly was served with the Complaint originally, that he was aware of and monitored the litigation throughout the litigation, and that he voluntarily chose not to respond to the Motion to Correct. *See* Facts ¶ 25. The only new evidence that Singh provides in the MOO that the Court did not consider in filing the MOO is that Singh knew that: (i) all Sukhdev Singh Dhaliwals can be Sukhdev Singhs; (ii) he was aware that there were issues with misnomers of some Defendants; and (iii) he knew about the Motion to Correct and made

---

[1] On this issue, Singh's take on New Mexico law is simply wrong. New Mexico recognizes that "[a] corporate officer, like every other individual, has duties not to engage in conduct that creates an unreasonable risk of harm to another." *Stinson v. Berry*, 1997-NMCA-076, ¶ 18, 123 N.M.482. As such, corporate officers and directors can be individually liable here for their role in causing harm to another without piercing the corporate veil. *Id.*, ¶ 17.

the conscious decision not to respond to, or do anything at all, in relation to the Motion to Correct. *See* Facts ¶¶ 25(g)-(i).

As opposed to new evidence that may support the Court's reconsideration of the MOO, this new evidence supports and underscores the Court's proper conclusion that Singh was properly a Defendant in this matter throughout the proceedings, and the title of "Sukhdev Singh Dhaliwal" was a misnomer properly corrected in the MOO.

Finally, the Motion to Quash falls woefully short of satisfying the third *Servants of the Paraclete v. Does* grounds—an indication that the court erred so clear that it "manifests itself without the need for in-depth analysis or review of the facts," *N.M. ex rel. Balderas v. Valley Meat Company, LLC*, No. CIV 14-1100 JB/KBM, Memorandum Opinion and Order, at 29. As discussed above in relation to the second factor, rather than clear error, the Motion to Quash makes clear that the Court's MOO was correct. Singh admits in his affidavit that he chose not to respond to the Motion to Correct, even though he admits that he was aware of the Motion to Correct when it was filed. *See* Facts ¶ 25(i). So the only information that the Court had before it when it decided the MOO was the Motion to Correct and arguments of Plaintiffs' counsel. *Cf.* MOO. But the averments that Singh provides in his affidavit in the Motion to Quash align with and show as accurate the Court's findings in the MOO. So as opposed to providing new evidence the Court manifestly erred in the MOO, the Motion to Quash instead establishes that the Court's finding and conclusion in the MOO were accurate.

Thus, in relation to the third factor in the Court's consideration of the Motion to Quash -- the *Servants of the Paraclete v. Does* grounds – the Motion to Quash supports that the Court's MOO was correct, and that the Court did not err in the MOO. This third factor in the Court's

consideration of the Motion to Quash, therefore, weighs in support of MOO, and against reconsideration of the MOO.

> C. **The Arrest Warrant Against Singh Would Be Valid Even if He Was Not A Named Defendant Because He Caused Sunrise Tire to Engage in Contempt.**

Finally, in seeking to have the warrant for his arrest quashed, Singh ignores that the basis for his arrest is not limited to claims against him as an individual defendant. Rather, the Court held him in contempt individually and for causing Sunrise Tire to violate the Court's prior discovery order in Singh's capacity as a corporate office and director. *See* Fed. R. Civ. P. 37(b)(2)(A)(vii) (granting the Court the authority to find in contempt "a party or a party's officer, director or managing agent" for failing to obey a discovery order). If Singh was not a party to this case, he still would be subject to arrest for Sunrise's flagrant disregard of a valid federal court order.

During communications about the warrant after the Court issued it, undersigned counsel explained to Mr. Dhaliwal that the arrest warrant is based on violation of the discovery order and that Singh has to comply on Sunrise's behalf regardless of his various complaints about his status as an individual defendant. Counsel further explained that complying with the discovery order will not prevent Singh from filing any other motion he believes has merit. All to no avail. Instead, we have been told that, if he is picked up on the warrant, Singh intends to sit in jail rather than comply with the Court's discovery order.

### III. CONCLUSION

The Motion to Quash does not show that the Court erred in its Memorandum Opinion and Order that corrected Singh's "Sukhdev Singh Dhaliwal" misnomer to "Sukhdev Singh, a/k/a Sukhdev Singh Dhaliwal, a/k/a Sukhdev Dhaliwal Singh" – or Singh. Rather, the Motion to Quash provides evidence that the Court's MOO was proper. Even without the further support in

the Motion to Quash that purportedly was submitted by Singh, the Court properly should deny and dismiss the Motion to Quash. But especially in light of the confirming evidence that Singh provides, the Court properly should deny and dismiss the Motion to Quash.

>Respectfully submitted,
>
>PEIFER, HANSON, MULLINS & BAKER, P.A.
>
>By: */s/ Matthew M. Beck*
>    Mark T. Baker
>    Matthew M. Beck
>    Sarah K. Hyde
>Post Office Box 25245
>Albuquerque, NM 87125-5245
>Tel:   505-247-4800
>Email: mbaker@peiferlaw.com
>       mbeck@peiferlaw.com
>       shyde@peiferlaw.com
>
>*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 2, 2022, the foregoing was filed electronically pursuant to CM/ECF procedures for the District of New Mexico, which caused counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing. Counsel additionally has transmitted this filing to the defendants that are the subject of the notice as follows:

By email, along with the CM/ECF notification to:

Dhaliwal Law Group, Inc.
2005 De La Cruz Blvd., Suite 185
Santa Clara, CA 95050
Email:  rattan@attorneydhaliwal.com
            khussain@attorneydhaliwal.com

By certified mail, return receipt requested on September 6, 2022 to:

Sukhdev Singh, a/k/a Sukhdev Singh
Dhaliwal, a/k/a Sukhdev Dhaliwal Singh
17910 Golden Spike Trail
Lathrop, CA  95330

PEIFER, HANSON, MULLINS & BAKER, P.A.

By: */s/ Matthew M. Beck*
        Matthew M. Beck